**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-02344-CMA-MJW

KELLY ROE,

      Plaintiff,

v.

INTERNAL REVENUE SERVICE,

      Defendant.

---

**THIRD AMENDED COMPLAINT FOR INJUNCTIVE RELIEF**

---

1.      Pursuant to Fed. R. Civ. P. 15(a)(2), plaintiff requested defendant's consent to file additional amendments to the Amended Complaint (Docket # 16) via email on 4 February (for the withdrawal of plaintiff's second cause of action from the Amended Complaint) and 10 February 2013 (for the addition of up to three causes of action). Defendant granted plaintiff its consent to file such amendments via email on 4 and 11 February 2013, respectively.

2.      On 11 February 2013, the court ordered plaintiff to combine the Amended Complaint (Docket #16) with the Amendment to Amended Complaint (Docket # 27) and Second Amendment to Amended Complaint (Docket # 30) into this single "Third Amended Complaint" setting forth all claims in a single operative pleading.

## I.    **INTRODUCTION**

3.    This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C.

§ 552, and the Privacy Act of 1974 ("the Privacy Act"), 5 U.S.C. § 552a, challenging the

failure of defendant to:

a.    Fulfill the requests of plaintiff for Return Transcripts, Account

Transcripts, and Records of Account maintained by defendant on plaintiff;

b.    Fulfill the requests of plaintiff for documents and transcripts

maintained by defendant on plaintiff, her husband (for whom plaintiff has a power of

attorney), and her limited liability company, Roe Ecological Services, LLC ("ROE")

(formerly named Wildlife Property Management, LLC ("WPM"));

c.    Fulfill the request of plaintiff for a spreadsheet created and

maintained by defendant; and

d.    Provide a complete and unredacted version of the current Internal

Revenue Manual ("IRM"), as well as all prior complete and unredacted versions created

on or after November 1, 1996 and all prior versions of its numerical indices created on

or after December 31, 1999, in its publically accessible electronic reading room.

## II.    **STATUTORY FRAMEWORK**

4.    An individual may request access to records maintained on them by a

federal agency pursuant to both FOIA and the Privacy Act. *See* 5 U.S.C. §§ 552(a)(6)

and 552a(d). Generally, records may be withheld only if exempt from release under both

Acts.

5.      An individual may also request access to other records maintained by a federal agency pursuant to FOIA provided those records are not otherwise exempt from disclosure.

6.      A federal agency is mandated by section (a)(2) of FOIA to automatically make available for public inspection and copying all administrative staff manuals and instructions to staff that affect the public—such as the IRM—as well as general indices of those records. These records must be made available electronically.

7.      Both FOIA and the Privacy Act provide a cause of action for an agency's denial of access to records maintained by that agency. 5 U.S.C. §§ 552(a)(4)(B) and 552a(g)(1)(B). A court may award injunctive relief and award a pro se plaintiff costs if plaintiff "substantially prevails." 5 U.S.C. §§ 552(a)(4)(E) and 552a(g)(3).

8.      Electronic records are subject to the requirements of FOIA and the Privacy Act as per 5 U.S.C. § 552(f)(2). Defendant is required to conduct a reasonable search of its electronic records and databases and provide extracted copies or transcripts in either electronic or hard copy format. 5 U.S.C. § 552(a)(3)(C).

9.      The Privacy Act provides a cause of action for an agency's refusal "to amend an individual's record in accordance with his request. . ." 5 U.S.C. § 552a(g)(1)(A). *See also* I.R.M. § 11.3.18.5 (08-08-2008)[1] acknowledging that there is a procedure in place for amending Internal Revenue Service ("IRS") records pursuant to the Privacy Act where such request to amend does not affect "the determination of liability of any person for any tax, penalty, interest, fine, forfeiture, other imposition or

---

[1] http://www.irs.gov/irm/part11/irm_11-003-018.html#d0e151.

offense to which the provisions of the Internal Revenue Code apply." I.R.M. §

11.3.18.5.1 (05-24-2005). A court may order defendant to amend the record and award

a pro se plaintiff costs if plaintiff "substantially prevails." 5 U.S.C. § 552a(g)(2).

## III.   <u>JURISDICTION AND VENUE</u>

10.    This court has personal and subject matter jurisdiction over this action

pursuant to 5 U.S.C. § 552(a)(4)(B) of FOIA and 552a(g)(1)(B) of the Privacy Act.

11.    Venue is proper pursuant to 5 U.S.C. § 552(a)(4)(B). Plaintiff resides in

this judicial district.

## IV.   <u>THE PARTIES</u>

12.    Plaintiff is a natural born citizen of the United States and a resident of

Larimer County, Colorado.

13.    Plaintiff is the requester of the records that defendant improperly withheld.

14.    Plaintiff is a member of the public who has a right to access all materials

made, or required to be made, publicly available by defendant.

15.    Plaintiff is a member of ROE (formerly named WPM) during the period

covered by the request and has the authority to request the records that defendant

improperly withheld.

16.    Plaintiff has a power of attorney from her husband, Christopher Roe,

authorizing her to obtain records from defendant on his behalf, in addition to his

personal authorization via signature on any request. Exhibit 1[2] is a true and correct copy

of this Power of Attorney.

17.    Defendant, the IRS, is an agency of the United States and has control of

the manuals, indices, records and/or system(s) of records that plaintiff seeks.

## V.    CLAIMS FOR RELIEF AND FACTS

### FIRST CLAIM FOR RELIEF

Improper Withholding of—and/or Failure to Conduct an Adequate Search For—Return
Transcripts, Account Transcripts, and Records of Account Maintained by Defendant on
Plaintiff in Violation of FOIA and the Privacy Act
(Unlawful Withholding / Inadequate Search; Agency Action was Arbitrary and
Capricious)

18.    Defendant acknowledges that "[a]ll IRS records are subject to FOIA

requests." *See* Exhibit 2[3] at p. 1.

19.    Defendant acknowledges that FOIA "gives any person the right to access

federal agency records or information." *See* Exhibit 3[4].

20.    Defendant is aware of the "White House FOIA Memo" (Exhibit 4[5]) and the

"Attorney General FOIA Memo" (Exhibit 5[6]) which both mandate that "[t]he Freedom of

---

[2] Because of privacy/identity theft concerns, plaintiff redacted all social security numbers and taxpayer identification numbers from all exhibits filed in this case. As defendant already has possession of all exhibits filed in this case, defendant will be able to admit or deny based on those records. Unredacted copies will, however, be provided to be placed under seal if requested by this court.

[3] Exhibit 2 is a true and correct copy of the first two pages of defendant's website http://www.irs.gov/uac/Freedom-of-Information-Act-(FOIA)-Guidelines as downloaded by plaintiff on 10 February 2013. For ease of reference, key provisions were highlighted by plaintiff using Adobe Acrobat after download.

[4] Exhibit 3 is a true and correct copy of defendant's website http://www.irs.gov/uac/IRS-Freedom-of-Information as downloaded by plaintiff on 11 February 2013. For ease of reference, key provisions were highlighted by plaintiff using Adobe Acrobat after download.

[5] Exhibit 4 is a true and correct copy of the document downloaded by plaintiff on 07 February 2013 from http://www.justice.gov/oip/foia_guide09/presidential-foia.pdf.

Information Act should be administered with a clear presumption: In the face of doubt, openness prevails." *See* Exhibit 3.

21.    Defendant acknowledges that the Form 4506-T is simply a procedural "alternative to filing a formal FOIA request . . . designed to make access quick and easy." *Id*.

22.    According to the Individual Master File ("IMF") Privacy Impact Statement dated 10 November 2009:

> IMF is the <u>authoritative data source for individual tax account data</u>. All the other IRS information system applications that process IMF data <u>depend on output from this source</u>. . . . After the initial filing of the tax return, any changes or updates (adjustments) to a taxpayer account, whether initiated by the taxpayer or the IRS, is submitted as a transaction to post to the master file so that the <u>file reflects a continuously updated and current record of each taxpayer's account</u>.

Emphasis added. *See* Exhibit 6[7] at p. 1.

23.    Data in the IMF includes social security number (or taxpayer identification number), name, and address, which are used to identify the correct account for processing of transactions or extraction of data through the Integrated Data Retrieval System ("IDRS") and other IRS systems. *Id*. at pp. 1 and 3.

24.    According to the IRM, a Form 4506-T requester's social security number (or taxpayer identification number), name, and address is verified using the Address Research Tool on IDRS. IRM § 3.5.20.2.8 (11-30-2012) (Exhibit 7)[8].

---

[6] Exhibit 5 is a true and correct copy of the document downloaded by plaintiff on 07 February 2013 from http://www.justice.gov/ag/foia-memo-march2009.pdf.

[7] Exhibit 6 is a true and correct copy of the document downloaded by plaintiff on 12 February 2013 from defendant's website http://www.irs.gov/pub/irs-pia/imf_pia.pdf. For ease of reference, key provisions were highlighted by plaintiff using Adobe Acrobat after download.

25.     On May 10, 2012, plaintiff submitted Forms 4506-T to defendant on which she requested copies of her Return Transcript, Account Transcript, and Record of Account for the years 2000 through 2010. Exhibit 8 is a true and correct copy of these forms.

26.     By Form 13873-1 dated May 24, 2012 and numbered 1012777797, defendant refused to provide plaintiff with copies of any of the requested documents. As the basis for its denial, on the Form 13873-1, defendant checked box 22, which states that "[t]he taxpayer's information does not match our records, is incomplete, or missing. Please correct the item(s) checked below." The box for:

- "Name" was **checked**; and

- "Social Security Number" was **checked**.

Exhibit 9 is a true and correct copy of this correspondence[9].

27.     In response, on June 1, 2012, plaintiff faxed a copy of the entity portion of her IMF along with defendant's Form 13873 dated May 24, 2012 (*see* Exhibit 8) and plaintiff's Forms 4506-T dated May 10, 2012 (*see* Exhibit 7) to the fax number (559-456-5876) provided in Section 9 of the Form 13873-1. Plaintiff pointed out on her faxed correspondence that the name and social security number shown on the IMF matched those on her Form 4506-T request. Exhibit 10 is a true and correct copy of this faxed correspondence.

---

[8] Exhibit 7 is a true and correct copy of the relevant portions of IRM § 3.5.20.2 downloaded by plaintiff on 13 February 2013 from defendant's website http://www.irs.gov/irm/part3/irm_03-005-020r.html#d0e466. For ease of reference, only relevant pages were included, and key provisions highlighted, by plaintiff using Adobe Acrobat after download.

[9] For ease of reference, key provisions were highlighted by plaintiff using Adobe Acrobat.

28.     By Form 13873-1 dated July 2, 2012 and numbered 1012659537, defendant responded to plaintiff's June 1, 2012 fax. Defendant again checked box 22. This time:

- "Name" was now unchecked;

- "Social Security Number" remained **checked**; and

- "Address" remained unchecked.

A faint handwritten note made by defendant is present on the first Form 4506-T under plaintiff's social security number and reads "see attached letter", acknowledging defendant's receipt of the IMF and recognition of plaintiff's note thereon regarding the accuracy of the Form 4506-T as compared to her IMF. Exhibit 11 is a true and correct copy of this correspondence[10].

29.     On July 2, 2012, before receiving the Form 13873-1 of the same date from defendant, plaintiff submitted another set of Forms 4506-T for the years 1998 through 2010 via fax and certified mail. This time, plaintiff even included her middle initial and listed her former/maiden name. Plaintiff once again included a copy of the entity module of her IMF and specifically pointed out that her name, address, and social security number matched. Exhibit 12 is a true and correct copy of this correspondence.

30.     By Form 13873-1 dated July 11, 2012 and numbered 1012777793, defendant responded to plaintiff's request of July 2, 2012 (*see* Exhibit 12) again refusing to provide plaintiff with copies of the requested transcripts. On its Form 13873-1, defendant again checked box 22. This time, however:

---

[10] For ease of reference, key provisions were highlighted by plaintiff using Adobe Acrobat.

- "Name" remained unchecked;

- "Social Security Number" was now unchecked; and

- "Address" was now **checked**.

Exhibit 13 is a true and correct copy of this correspondence[11].

31.     Plaintiff called the phone number on the Form 13873-1 ((559) 456-5894) on 23 July 2012 and left a message requesting a call back to resolve the issue. Plaintiff never received a call back from defendant. *See* 5 U.S.C. § 552(a)(7)(B) and Exhibit 5 at p. 3 stipulating that "each agency shall establish a telephone line . . . that provides information about the status of a request . . ."

32.     The Forms 4506-T were filled out correctly as the name, address, and social security number on all of plaintiff's submitted Forms 4506-T matches the name, address, and social security number shown on the IMF maintained by defendant on plaintiff.

33.     By refusing to provide plaintiff transcripts of records maintained on her personally by defendant through its "system of records"—access to which is mandated by FOIA and the Privacy Act—defendant improperly, arbitrarily, and capriciously withheld these records from plaintiff.

34.     As of the date of this Third Amended Complaint, defendant continues to improperly withhold these records from plaintiff.

---

[11] For ease of reference, key provisions were highlighted by plaintiff using Adobe Acrobat.

**SECOND CLAIM FOR RELIEF**
Improper Withholding of—and/or Failure to Conduct an Adequate Search For—
Transcripts and Documents Requested by Plaintiff in Violation of FOIA and/or the
Privacy Act
(Unlawful Withholding / Inadequate Search; Agency Action was Arbitrary and
Capricious)

35.     Plaintiff incorporates by reference paragraphs 18 through 20 of this Third

Amended Complaint as though fully set forth herein.

36.     On May 10, 2012, plaintiff submitted a request under FOIA and the

Privacy Act to defendant requesting various copies of forms, transcripts of electronic

records, and documents created by defendant and maintained on them personally and

their LLC, as well as a spreadsheet created and maintained by defendant. Exhibit 14 is

a true and correct copy of this request.

37.     By its letter of June 11, 2012, defendant not only extended the statutory

time for response to June 26, 2012, but also anticipatorily refused to provide any of the

requested records to plaintiff until July 31, 2012. Exhibit 15 is a true and correct copy of

this letter.

38.     By its letter of July 30, 2012, defendant again refused to provide the

records requested by plaintiff on May 10, 2012 stating that it would "contact [plaintiff] by

August 31, 2012 if [defendant is] still unable to complete [plaintiff's] request." Exhibit 16

is a true and correct copy of this letter.

39.     Defendant did not provide the requested records to plaintiff by August 31,

2012.

40.     Defendant did not provide the requested records to plaintiff before the original complaint (Docket # 1) was filed and defendant served in this case. *See* Docket # 4 for dates defendant was served.

41.     Defendant finally provided a response to plaintiff's May 10, 2012 request after this action was filed and defendant served. The response was dated September 13, 2012 and was received by plaintiff on or about September 20, 2012. The response was a partial denial of plaintiff's request, however, with defendant explicitly withholding access to one (1) page in full pursuant to "FOIA Exemption (b)(7)(E)" and 14 pages in part pursuant to "FOIA Exemption (b)(3)." The response does not stipulate exactly which records, or parts of particular records, were withheld. Further, the table included as an attachment to the response stated that defendant was "unable to locate any documents responsive to the remainder of [plaintiff's] request." Exhibit 17 is a true and correct copy of the response letter.

42.     After cross-referencing the released items (*see* Exhibit 17 at p. 3) with the May 10, 2012 request, the items that defendant did not provide to plaintiff include:

a.     Certified copies of Form 4340 for tax periods 2002 through 2010 for plaintiff, Christopher Roe, WPM, and ROE.

b.     Form 2859 for tax periods 2000 through 2010 for plaintiff, Christopher Roe, WPM, and ROE.

c.     Form 3352 for tax periods 2000 through 2010 for plaintiff, Christopher Roe, WPM, and ROE.

   d. Form 8278 for tax periods 2000 through 2010 for plaintiff, Christopher Roe, WPM, and ROE.

   e. Form 5344 for tax period 2000 and 2001 for plaintiff, Christopher Roe, WPM, and ROE.

   f. AMSDISA Transcript for tax periods 2000 and 2001 for plaintiff, Christopher Roe, and WPM.

   g. IMFLOR Transcript for each TC 150 for tax periods 2000 through 2010 for Christopher Roe.

   h. IMFLOR Transcript for each TC 150 for tax periods 2001 through 2010 for plaintiff.

   i. Documents associated with the Document Locator Numbers ("DLNs") for Christopher Roe:

     1)  29210-250-25217-2;

     2)  29247-414-10044-4;

     3)  29210-151-25506-3;

     4)  29247-414-10048-4;

     5)  29210-888-00000-8;

     6)  29210-888-00000-9;

     7)  29210-888-00000-0; and

     8)  29210-888-00000-1.

   j. Documents associated with the DLNs for plaintiff:

     1)  29247-482-10001-4;

2) 49247-542-70004-7;

3) 29210-888-00000-4;

4) 29247-652-10020-4;

5) 29210-888-00000-8;

6) 29210-888-00000-9;

7) 29210-888-00000-0; and

8) 29210-888-00000-1.

k.      Documents associated with the DLNs for ROE:

1) 29999-999-99999-6;

2) 29999-999-99999-8;

3) 29999-999-99999-0; and

4) 29999-999-99999-1.

l.      The pushcodes.xls file referenced by the 2012 *IRS Processing Codes and Information Manual* ("Document 6209")[12].

43.    The Form 4340 "Certification of Assessment, Payments, Other Specified Matters" is a transcript based directly off the IMF. According to IRM § 21.2.3.4.1.12 (10-01-2010), it may be provided to plaintiff pursuant to Internal Revenue Code § 6203. *See also* IRM § 21.2.3.4.2 (10-01-2002). The Form 4340 is a simple printout of data that already existed at the time of the original request. The certification requested (and that which is routinely provided by defendant) is simply that the record is a "true and correct copy," not that the record is accurate.

---

[12] http://www.irs.gov/uac/Document-6209-%E2%80%93-2012-Edition.

44.     Forms 2859, 3352, 5344, and 8278 are used by the IRS to close an examination and for manual assessments of tax and penalties. *See* pp. 2-7 through 2-12 of Document 6209. The forms, if they exist, should be readily available in the respective administrative file at the time of the original request.

45.     The IMFOLR and AMSDISA transcripts are printouts used to verify that all procedural requirements of an IRS examination have been followed. *See* IRM § 4.8.9 (06-14-2011). These transcripts are simple printouts of data that already existed at the time of the original request.

46.     Push Codes are three digit codes used by the IRS when it opens a tax module for examination where no return has yet posted to the IMF or BMF. Push Codes appear on the IMFOLT/BMFOLT transcripts. *See* Document 6209 p. 12-15, which states that "for more information on Push Codes refer to: http://sbse.web.irs.gov/AIMS/docs/PushCodes.xls." This spreadsheet clearly already existed at the time of the original request. This website is not publicly accessible.

47.     According to page 4-1 of the Document 6209, "[t]he document locator number is a controlled number assigned to every return or document input through the [Automatic Data Processing ("ADP")] system… The document locator number ("DLN") is used to control, identify, and locate documents processed in the ADP system." DLNs appear on the IMF and Business Master File. By definition, the requested DLNs represent documents that should have already existed at the time of the original request.

48.     By failing to provide plaintiff and her husband (for whom plaintiff holds a power of attorney granting her authority to access her husband's records) the records at paragraph 42, defendant improperly, arbitrarily, and capriciously withheld these records from plaintiff and/or failed to conduct an adequate search for those records in violation of FOIA and the Privacy Act.

49.     By failing to provide electronic public access to the pushcodes.xls and/or to provide it to plaintiff upon request, defendant improperly, arbitrarily, and capriciously withheld this record in violation of FOIA.

50.     As of the date of this Third Amended Complaint, defendant continues to improperly withhold these records from plaintiff.

**THIRD CLAIM FOR RELIEF**
Improper Withholding of the Current Internal Revenue Manual from Public Disclosure in Violation of FOIA
(Unlawful Withholding; Agency Action was Arbitrary and Capricious)

51.     Plaintiff incorporates by reference paragraphs 18 through 20 of this Third Amended Complaint as though fully set forth herein.

52.     Defendant acknowledges that section (a)(2) of FOIA "establish[es] that certain categories of information must automatically be disclosed by federal agencies" for public inspection and copying and "must be made available electronically." *See* Exhibit 2 at p. 1.

53.     Defendant acknowledges that the IRM falls under section (a)(2) of FOIA. IRM § 11.3.13.4.1 (01-01-2006). *See* Exhibit 18[13] at p. 2.

54.     All IRM sections currently publicly available are accessible and downloadable from http://www.irs.gov/irm/index.html and http://www.irs.gov/pub/irm/. *See* Exhibit 19[14].

55.     Numerical indices of the IRM can be downloaded by the public from http://www.irs.gov/pub/irm/, but currently only extend as far back as November 2011. *See id.* at p. 43.

56.     Defendant claims that some sections of the IRM contain "Official Use Only" material. *See e.g.,* Exhibit 20[15] at p. 2.

57.     "Official Use Only" material is defined as "sensitive information that is protected from public disclosure" and is identified throughout the numerical index with an asterisk (*) next to the pertinent IRM section. *Id*.

58.     The numerical index provides no definition of "sensitive information."

59.     The numerical index provides no information regarding any FOIA exemption used to justify the deletion/redaction of any section of the IRM.

---

[13] Exhibit 18 is a true and correct copy of IRM § 11.3.13.4.1 (01-01-2006) as downloaded by plaintiff on 12 February 2013 from defendant's website http://www.irs.gov/irm/part11/irm_11-003-013.html#d0e450. For ease of reference, the key provision was highlighted by plaintiff using Adobe Acrobat after download.

[14] Exhibit 19 is a true and correct copy of the currently available IRM sections and numerical indices as downloaded by plaintiff on 10 February 2013 at 12:02 PM from defendant's website http://www.irs.gov/pub/irm/.

[15] Exhibit 20 is a true and correct copy of the first 68 pages of the December 2012 edition of the IRM numerical index (Document 10988, Catalog Number 27371W) downloaded by plaintiff on 10 February 2013 at approximately 10:30 AM from defendant's website http://www.irs.gov/pub/irm/irm_Numerical-Index_December_2012.zip. For ease of reference, key provisions were highlighted by plaintiff using Adobe Acrobat after download.

60.     Individual IRM sections contain no information regarding any FOIA exemption used to justify their deletion/redaction.

61.     There is no publicly available resource describing any FOIA exemption used to justify the deletion/redaction of any specific section of the IRM.

62.     The following IRM sections are designated by defendant as "Official Use Only material" (*see* Exhibit 20) and have been either completely removed, or at least partially redacted (which are presumed to be those sections with an "r" after the section number shown on Exhibit 19) from the current publically accessible IRM:

| | | | | |
|---|---|---|---|---|
| 1.4.11 | 2.7.1 | 3.11.22 | 3.12.179 | 3.20.13 |
| 1.4.19 | 2.7.2 | 3.11.23 | 3.12.212 | 3.21.3 |
| 1.4.50 | 2.7.4 | 3.11.25 | 3.12.213 | 3.21.15 |
| 2.2.1 | 2.7.5 | 3.11.26 | 3.12.217 | 3.21.19 |
| 2.3.2 | 2.7.6 | 3.11.27 | 3.12.220 | 3.21.25 |
| 2.3.8 | 2.8.1 | 3.11.106 | 3.12.249 | 3.21.110 |
| 2.3.9 | 2.8.6 | 3.11.154 | 3.12.251 | 3.21.111 |
| 2.3.11 | 2.8.7 | 3.11.180 | 3.12.263 | 3.21.261 |
| 2.3.15 | 2.9.1 | 3.11.212 | 3.12.278 | 3.21.262 |
| 2.3.16 | 2.12.1 | 3.11.213 | 3.12.279 | 3.21.263 |
| 2.3.32 | 2.13.15 | 3.11.217 | 3.13.2 | 3.21.264 |
| 2.3.35 | 3.0.101 | 3.11.249 | 3.13.122 | 3.22.3 |
| 2.3.44 | 3.0.167 | 3.12.3 | 3.13.222 | 3.22.15 |
| 2.3.47 | 3.0.273 | 3.12.10 | 3.14.1 | 3.22.19 |
| 2.3.54 | 3.5.20 | 3.12.12 | 3.14.2 | 3.22.110 |
| 2.3.59 | 3.8.44 | 3.12.13 | 3.17.5 | 3.22.111 |
| 2.4.2 | 3.8.45 | 3.12.14 | 3.17.10 | 3.22.261 |
| 2.4.16 | 3.10.72 | 3.12.15 | 3.17.15 | 3.24.3 |
| 2.4.20 | 3.10.73 | 3.12.16 | 3.17.20 | 3.24.12 |
| 2.4.22 | 3.11.3 | 3.12.22 | 3.17.21 | 3.24.22 |
| 2.4.28 | 3.11.6 | 3.12.23 | 3.17.46 | 3.24.26 |
| 2.4.30 | 3.11.12 | 3.12.26 | 3.17.79 | 3.24.27 |
| 2.4.31 | 3.11.13 | 3.12.32 | 3.17.80 | 3.24.213 |
| 2.4.32 | 3.11.14 | 3.12.37 | 3.17.220 | 3.30.123 |
| 2.4.45 | 3.11.15 | 3.12.38 | 3.17.243 | 3.30.124 |
| 2.4.54 | 3.11.16 | 3.12.106 | 3.17.244 | 3.38.147 |
| 2.4.55 | 3.11.20 | 3.12.154 | 3.20.12 | 3.42.4 |

| | | | | |
|---|---|---|---|---|
| 3.42.5 | 4.75.22 | 5.19.3 | 20.1.7 | 21.6.3 |
| 3.42.9 | 4.75.31 | 5.19.4 | 20.1.8 | 21.6.4 |
| 3.42.10 | 4.119.1 | 5.19.5 | 20.1.10 | 21.6.6 |
| 3.45.1 | 4.119.4 | 5.19.6 | 20.1.11 | 21.6.7 |
| 4.1.10 | 5.1.2 | 5.19.9 | 20.2.1 | 21.7.1 |
| 4.1.22 | 5.1.3 | 5.19.10 | 20.2.4 | 21.7.2 |
| 4.1.24 | 5.1.5 | 5.19.11 | 20.2.5 | 21.7.3 |
| 4.10.2 | 5.1.8 | 5.19.14 | 20.2.6 | 21.7.4 |
| 4.10.12 | 5.1.11 | 5.19.16 | 20.2.7 | 21.7.5 |
| 4.19.2 | 5.1.12 | 5.19.18 | 21.1.7 | 21.7.7 |
| 4.19.3 | 5.1.15 | 5.19.20 | 21.2.1 | 21.7.8 |
| 4.19.4 | 5.1.18 | 7.20.2 | 21.2.3 | 21.7.9 |
| 4.19.5 | 5.1.20 | 7.20.4 | 21.2.4 | 21.7.11 |
| 4.19.6 | 5.1.24 | 7.20.6 | 21.3.1 | 21.7.12 |
| 4.19.7 | 5.7.3 | 8.22.4 | 21.3.4 | 21.7.13 |
| 4.19.11 | 5.9.3 | 10.5.3 | 21.3.9 | 21.8.1 |
| 4.19.13 | 5.9.4 | 10.8.1 | 21.3.12 | 21.8.2 |
| 4.19.14 | 5.9.5 | 10.8.3 | 21.4.1 | 21.8.3 |
| 4.19.15 | 5.9.13 | 10.8.5 | 21.4.2 | 21.8.5 |
| 4.19.17 | 5.9.14 | 10.8.9 | 21.4.4 | 21.9.1 |
| 4.19.20 | 5.9.17 | 10.8.10 | 21.4.5 | 21.9.2 |
| 4.21.1 | 5.11.7 | 10.8.20 | 21.4.6 | 25.1.3 |
| 4.22.4 | 5.12.5 | 10.8.21 | 21.5.1 | 25.1.8 |
| 4.23.5 | 5.14.1 | 10.8.22 | 21.5.2 | 25.1.9 |
| 4.24.9 | 5.14.2 | 10.8.30 | 21.5.3 | 25.3.2 |
| 4.24.15 | 5.14.4 | 10.8.32 | 21.5.4 | 25.6.1 |
| 4.25.2 | 5.14.5 | 10.8.34 | 21.5.6 | 25.12.1 |
| 4.27.3 | 5.14.7 | 10.8.54 | 21.5.7 | 25.15.1 |
| 4.31.3 | 5.16.1 | 20.1.1 | 21.5.8 | 25.15.3 |
| 4.31.4 | 5.18.1 | 20.1.2 | 21.5.9 | 25.15.7 |
| 4.31.6 | 5.18.2 | 20.1.3 | 21.5.11 | 25.15.17 |
| 4.75.10 | 5.19.1 | 20.1.4 | 21.6.1 | |
| 4.75.12 | 5.19.2 | 20.1.6 | 21.6.2 | |

63.     Where defendant partially redacted an IRM section "for Official Use Only,"

the redacted lines are marked with an #. *See e.g.,* Exhibit 21[16].

---

[16] Exhibit 21 is a true and correct copy of page 12 of IRM § 5.1.15 downloaded by plaintiff on 10 February 2013 from defendant's website http://www.irs.gov/pub/irm/irm_05-001-015r.zip. For ease of reference, key provisions were highlighted by plaintiff using Adobe Acrobat after download.

64.     All of the IRM sections that have been either completely removed or partially redacted have been improperly withheld from the public, including plaintiff, in violation of section (a)(2) of FOIA.

**FOURTH CLAIM FOR RELIEF**
Improper Withholding of Past Versions of the Internal Revenue Manual and its Numerical Indices from Public Disclosure in Violation of FOIA.
(Unlawful Withholding; Agency Action was Arbitrary and Capricious)

65.     Plaintiff incorporates by reference paragraphs 18 through 20 and 52 through 64 of this Third Amended Complaint as though fully set forth herein.

66.     Defendant periodically modifies the IRM.

67.     Pursuant to section (a)(2) of FOIA, the public, including plaintiff, has a right to review—and seek to understand—how the IRM has changed over time.

68.     Defendant claims it provides access to "current or prior revisions of the IRM" at http://publish.no.irs.gov/catlg.html. *See e.g.,* Exhibit 20 at p. 3. This website either doesn't exist, or is not publically accessible. *See* Exhibit 22[17].

69.     Defendant has improperly failed to make all statutorily required prior unredacted versions of the IRM (i.e., those created on or after November 1, 1996) available electronically to the public, including plaintiff, in violation of section (a)(2) of FOIA.

70.     Defendant has improperly failed to make all statutorily required prior versions of the numerical indices of the IRM (i.e., those created on or after December

---

[17] Exhibit 22 is a true and correct copy of http://publish.no.irs.gov/catlg.html as downloaded by plaintiff on 11 February 2013 from defendant's website.

31, 1999) available electronically to the public, including plaintiff, in violation of section (a)(2) of FOIA.

## VI.    REQUESTS FOR RELIEF

WHEREFORE, plaintiff requests that this court:

(1)    Order defendant to produce the requested Return Transcript, Account Transcript, and Record of Account for the years 1998 through 2010 for plaintiff pursuant to 5 U.S.C. §§ 552(a)(4)(B) and/or 552a(g)(1)(B);

(2)    Order defendant to produce the outstanding items listed above at paragraph 42 pursuant to 5 U.S.C. §§ 552(a)(4)(B) and/or 552a(g)(1)(B); or in the alternative, if defendant asserts that the records do not exist, order defendant to provide a sworn written declaration describing the types of files maintained by the IRS and how the search was conducted, followed by an averment that all files reasonably expected to contain the requested records were, in fact, searched and no documents responsive to plaintiff's request were found;

(3)    Order defendant to correct whatever record(s) is(are) causing the erroneous rejection of plaintiff's Form 4506-T requests to ensure that the name, social security and/or address of plaintiff on that(those) record(s) conform(s) to the IMF (i.e., the "authoritative data source for individual tax account data") pursuant to 5 U.S.C. § 552a(g)(2);

(4)    Order defendant to make the entire IRM, without any redaction, accessible to the public, including plaintiff, in its electronic reading room;

(5)      Order defendant to make all prior unredacted versions of the IRM—that were created on or after November 1, 1996—accessible to the public, including plaintiff, in its electronic reading room; and

(6)      Order defendant to make all prior versions of the numerical indices of the IRM—that were created on or after December 31, 1999—available electronically to the public, including plaintiff, in its electronic reading room;

(7)      Make a specific finding of fact that the circumstances surrounding any of the afore withholding of items from plaintiff and/or the public-at-large "raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding" and refer the matter to the Special Counsel for investigation as provided in 5 U.S.C. § 552(a)(4)(F);

(8)      Award plaintiff costs in this action, pursuant to 5 U.S.C. § 552(a)(4)(E)[18]; and

(9)      Grant such other relief as may deem just and proper.


//



//

---

[18] Plaintiff is not entitled to attorney's fees but may be entitled to the costs of litigation, such as postage, transportation expenses, and filing costs provided plaintiff "substantially prevails."

**AFFIRMATION**

In witness, whereof, knowing the law of bearing false witness before God and men as well as under penalty of perjury, I solemnly affirm that I have read the foregoing and believe the facts stated herein to be true to the best of my knowledge. I further affirm that, based on my personal first-hand knowledge, the attached exhibits are true and correct copies of the documents sent, received, or downloaded by me.

Dated this 15th day of February 2013.

Respectfully submitted,

/s/ Kelly Roe_____
Kelly Roe

PO Box 1168
Berthoud, Colorado 80513
(970) 532-1305