**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

KELLY ROE,        )
            )  Case No. 1:12-cv-02344-CMA-MJW
     Plaintiff,   )
            )
   v.       )
            )
INTERNAL REVENUE SERVICE,  )
            )
     Defendant.  )

## ANSWER TO THE PLAINTIFF'S THIRD AMENDED COMPLAINT

The defendant, Internal Revenue Service ("Service"), answers the plaintiff's third amended complaint as follows:

FIRST DEFENSE

The plaintiff is only entitled to responsive documents in which no FOIA exemption(s) applies.

SECOND DEFENSE

To the extent documents responsive to the plaintiff's FOIA request were withheld, the documents, or portions of documents, are exempt from disclosure under 5 U.S.C. § 552(b).

THIRD DEFENSE

The plaintiff is not entitled to costs or any other relief.

FOURTH DEFENSE

This matter is not appropriate for referral to the Special Counsel for Investigation.

FIFTH DEFENSE

The Internal Revenue Service has not improperly withheld any records.

SIXTH DEFENSE

The plaintiff failed to state a claim upon which relief may be granted.

SEVENTH DEFENSE

The requests for records that are the subjects of ¶¶ 18-34 of the third amended complaint are not requests submitted pursuant to the FOIA; the parties actions pertaining to these requests for records are not governed by the FOIA.

EIGHTH DEFENSE

The Court lacks subject matter jurisdiction pursuant to 26 U.S.C. § 7852(e) over the plaintiff's claim for relief under the Privacy Act to order defendant to: (1) provide plaintiff access to certain records; and (2) correct "whatever records are causing the erroneous rejection of the plaintiff's Form 4506-T requests."

NINTH DEFENSE

Even if 26 U.S.C. § 7852(e) were not a jurisdictional bar as to the claim for relief under the Privacy Act to correct records, the Court would still lack jurisdiction as to any such claims because plaintiff has failed to exhaust her administrative remedies as to any request for correction.

9634864.1

TENTH DEFENSE

FOR ITS FURTHER DEFENSE, the Internal Revenue Service responds to the numbered paragraphs of the plaintiff's complaint as follows:

1.      Admits the allegations in ¶ 1.

2.      Admits the allegations in ¶ 2.

3.      Paragraph 3 sets forth the plaintiff's characterization of this action, to which no response is required.  To the extent a response is required, admits that the plaintiff has brought this action pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and pursuant to the Privacy Act, 5 U.S.C. § 552a.

4.      The statements in ¶ 4 are legal conclusions to which no response is required.

5.      The statements in ¶ 5 are legal conclusions to which no response is required.

6.      The statements in ¶ 6 are legal conclusions to which no response is required.

7.      The statements in ¶ 7 are legal conclusions to which no response is required.

8.      The statements in ¶ 8 are legal conclusions to which no response is required.

9.      The statements in ¶ 9 are legal conclusion to which no response is required.  To the extent a response is required, the defendant denies the allegations in ¶ 9.

10.     Admits the allegations in ¶ 10 to the extent that jurisdiction exists under the FOIA; denies the allegations in ¶ 10 because jurisdiction as to any Privacy Act claims are barred by by 28 U.S.C. § 7852(e) .

11.     Admits the allegations in ¶ 11.

12.     Lacks sufficient knowledge or information to admit or deny the allegations in ¶ 12.

13.     Denies the allegations in ¶ 13, except admits that the plaintiff requested documents from the Service.

14.     Denies the allegations in ¶ 14, except admits that the plaintiff requested documents from the Service.

15.     Lacks sufficient knowledge or information to admit or deny the allegations in ¶ 15.

16.     Lacks sufficient knowledge or information to admit or deny the allegations in ¶ 16, except admits Ex. 1 appears to be a Power-of-Attorney signed by Christopher M. Roe and Kelly A. Roe.

17.     Admits the allegations in ¶ 17.

18.     Denies the allegations in ¶ 18.

19.     Denies the allegations in ¶ 19.

20.     Admits the allegations in ¶ 20.

21.     Denies the allegations in ¶ 21.

22.     The allegations in ¶ 22 recite a Privacy Act Statement to which no response is required.  To the extent a response is requited, the allegations are denied.

23.     Denies the allegations in ¶ 23, except admits that the IRS's website appears to set forth a Privacy Impact Statement dated November 10, 2009.

24.     The allegations in ¶ 24 recite statutes and the Internal Revenue Manual. No response is required.  To the extent a response is required, the allegations are denied.

9634864.1

25.     Admits that the plaintiff sent two requests for Transcripts of Tax Returns, IRS Form 4506-T, to the Service dated May 10, 2012 and admits that Ex. 8 appears to be a copy of those requests.

26.     Denies the allegations in ¶ 26, except admits that the Service responded to the plaintiff's requests referred to in ¶ 25 on May 24, 2012 and admits that Ex. 9 appears to be a copy of the Service's response.

27.     Denies the allegations in ¶ 27, except that admits that Ex. 10 appears to be a copy of documents the plaintiff purportedly faxed to the Service on June 1, 2012.

28.     Denies the allegations in ¶ 28, except admits that, on July 2, 2012, the Service responded to the plaintiff's June 1, 2012 facsimile and admits that Ex. 11 appears to be a copy of the Service's response.

29.     Admits the allegations in ¶ 29 and admits that Ex. 12 appears to be a copy of documents the plaintiff purportedly faxed to the Service on July 2, 2012.

30.     Denies the allegations in ¶ 30, except admits the Service responded to the plaintiff's July 2, 2012 facsimile on July 11, 2012 and admits that Ex. 13 appears to be a copy of the Service's response.

31.     Lacks sufficient knowledge or information to admit or deny the allegations in ¶ 31.  The last sentence in ¶ 31 is a legal conclusion to which no response is required; to the extent a response is required, the defendant denies the allegations and avers that statute is inapplicable.

32.     Lacks sufficient knowledge or information to admit or deny the allegations in ¶ 32.

33.     Denies the allegations in ¶ 33.

34.     Denies the allegations in ¶ 34.

35.     Paragraph 35 contains assertions to which no response is required.

36.     Admits that the plaintiff and her husband Christopher Roe submitted a

9634864.1

FOIA request to the Service on May 10, 2012 requesting various copies of forms, transcripts, and electronic records and admits that Ex. 14 appears to be a copy of the FOIA request.  The Service, however, lacks sufficient knowledge or information to admit or deny that all the records sought in the plaintiff's May 10, 2012 FOIA request were created by the Service.

37.     Admits that the Service extended its statutory time for response to the FOIA request described in ¶ 36 of the Third Amended Complaint to June 26, 2012 by letter dated June 11, 2012 and admits that Ex. 15 appears to be a copy of that letter, but denies that the Service "anticipatorily refused to provide" the records.

38.     Denies the Service refused to provide the records and admits that by letter dated July 30, 2012, the Service extended its time for response to the FOIA request described in ¶ 36 of the Third Amended Complaint to August 31, 2012 and admits that Ex. 16 appears to be a copy of that letter.

39.     Admits the allegations in ¶ 39, but avers that the Service released approximately 612 pages to the plaintiff in response to this FOIA request on September 13, 2012 and the Service authorized the Department of Justice to released an additional 12 pages to the plaintiff on January 30, 2013.

40.     Admits the allegations in ¶ 40.

41.     Admits the Service responded to the plaintiff by letter dated September 13, 2012 and admits that such letter was a partial denial of documents requested under the FOIA.  Admits that Ex. 17 appears to be a copy of that letter.

42.     Denies the allegations in ¶¶ 42 a-l because none of the documents referred to in ¶¶ a-l were improperly withheld.

43.     The allegations in ¶ 43 recite statutes and the Internal Revenue Manual. No response is required.  To the extent a response is required, the allegations are denied.

9634864.1

44.     Admits the allegations in the first sentence of ¶ 44 with respect to Forms 2859, 5344, and 8278, but denies the allegations with respect to Form 3352 because such a Form does not exist.  Lacks sufficient knowledge or information to admit or deny the allegations in the second sentence of in ¶ 44.

45.     Denies the allegations in ¶ 45.

46.     Admits the allegations in the first and second sentences of ¶ 46.  Lacks sufficient knowledge or information to admit or deny the allegations in the third sentence.  Admits the allegations in the fourth sentence.

47.     Admits the allegations in the first and second sentences of ¶ 47. Lacks sufficient knowledge or information to admit or deny the allegations in the third and fourth sentences of in ¶ 44.

48.     Denies the allegations in ¶ 48.

49.     Denies the allegations in ¶ 49.

50.     Denies the allegations in ¶ 50.

51.     Paragraph 51 contains allegations that do not require a response.

52.     Denies the allegations in ¶ 52, except admits that the IRS's website appears to set forth Freedom of Information Act (FOIA) Guidelines.

53.     The allegations in ¶ 53 recite a statute and the Internal Revenue Manual. No response is required.  To the extent a response is required, the allegations are denied.

54.     Admits that the IRS website appears to set forth the links cited in ¶ 54.

55.     Admits that the IRS website appears to set forth the link cited in ¶ 55.

56.     Admits the allegations in ¶ 56.

57.     Admits the allegations in ¶ 57.

9634864.1

58.     Lacks sufficient knowledge or information to admit or deny the allegations in ¶ 58.

59.     Lacks sufficient knowledge or information to admit or deny the allegations in ¶ 59.

60.     Lacks sufficient knowledge or information to admit or deny the allegations in ¶ 60.

61.     Lacks sufficient knowledge or information to admit or deny the allegations in ¶ 61.

62.     Lacks sufficient knowledge or information to admit or deny the allegations in ¶ 62.

63.     Lacks sufficient knowledge or information to admit or deny the allegations in ¶ 63.

64.     Denies the allegations in ¶ 64.

65.     Paragraph 65 contains allegations that do not require a response.

66.     Admits the allegations in ¶ 66.

67.     The allegations in ¶ 67 recite a statute.  No response is required.  To the extent a response is required, the allegations are denied.

68.     Lacks sufficient knowledge or information to admit or deny the allegations in ¶ 68.

69.     Denies the allegations in ¶ 69.

70.     Denies the allegations in ¶ 70.

9634864.1

WHEREFORE, having fully responded to the plaintiff's third amended complaint, the Internal Revenue Service prays that this Court dismiss the third amended complaint with prejudice and grant such other relief as may be deemed just and proper under the circumstances.

DATE: March 1, 2013.

Respectfully submitted,

JOHN WALSH
United States Attorney

KATHRYN KENEALLY
Assistant Attorney General
Tax Division
U.S. Department of Justice

/s/ Thomas J. Jaworski
THOMAS J. JAWORSKI
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Telephone: (202) 307-6390
Facsimile:   (202) 514-6866
Thomas.J.Jaworski@usdoj.gov

9634864.1

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing Defendant's ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT was filed electronically using the Court's ECF system and were served upon the Plaintiff on the 1st day of March 2013, by ECF filing and first class mail upon:

KELLY ROE
P.O. Box 1168
Berthoud, Colorado 80513
Kellylaw@roewildlife.com


/s/ Thomas J. Jaworski
THOMAS J. JAWORSKI

9634864.1