IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02344-CMA-MJW

KELLY ROE,

    Plaintiff,

v.

INTERNAL REVENUE SERVICE,

    Defendant.

---

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

---

PLAINTIFF MOVES for summary judgment on all claims pursuant to Fed. R. Civ. P. 56(a). Plaintiff is entitled to summary judgment because there is only "one reasonable conclusion as to the verdict" based on the undisputed material facts in this case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-252 (1986). In support of this motion, plaintiff relies on her sworn Third Amended Complaint (*Docket #36*) and the authenticated exhibits provided in support thereof, defendant's Answer (*Docket #37*), and the sworn Declaration of Kelly Roe filed with this motion, and submits the following:

**I.**      **INTRODUCTION**

In her First Claim for Relief (*Docket No. 36* at ¶¶ 18 - 34), pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act of 1974 ("the Privacy Act"), 5 U.S.C. § 552a, plaintiff challenges the failure of defendant, the Internal Revenue Service ("IRS"), to provide her Return Transcripts, Account Transcripts, and Records of Account printed from data maintained by defendant on plaintiff for the years

1998 through 2010.

In her Second Claim for Relief (*Docket No. 36* at ¶¶ 35 - 50), pursuant to FOIA and the Privacy Act, plaintiff challenges the failure of defendant to disclose certain documents and transcripts requested by plaintiff from information maintained by defendant on plaintiff, her husband (for whom plaintiff has a power of attorney), and her limited liability company, as well as the pushcodes.xls spreadsheet referenced by one of defendant's administrative manuals. Plaintiff does not challenge the original withholding of the 14 pages in part pursuant to FOIA exemption (b)(3) (*Docket No. 36* at Exhibit 17).

In her Third Claim for Relief (*Docket No. 36* at ¶¶ 51 - 64), pursuant to section (a)(2) of FOIA, plaintiff challenges the failure of defendant to provide a complete and unredacted version of the Internal Revenue Manual ("IRM") in its publically accessible "electronic reading room."

In her Fourth Claim for Relief (*Docket No. 36* at ¶¶ 65 - 70), pursuant to section (a)(2) of FOIA, plaintiff challenges the failure of defendant to provide past, unredacted versions of the IRM and its numerical indices in its publically accessible "electronic reading room."

Defendant has failed to provide any adequate justification under FOIA and/or the Privacy Act for the improper withholding/failure to provide the afore mentioned transcripts, documents, manuals, and numerical indices. Further, Plaintiff asserts that not only was there improper withholding and/or a failure to conduct an adequate search, but that failure was arbitrary and capricious warranting referral to the Special Counsel for investigation as provided in 5 U.S.C. § 552(a)(4)(F).

## II.  STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate if "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party for summary judgment bears the burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In FOIA and Privacy Act actions, the burden is on the defendant to prove either: 1) its withholding of a responsive record was justified by an exemption or exclusion to FOIA or the Privacy Act; or 2) it was unable to find the responsive record after making a good faith effort to find it. *World Publg. Co. v. U.S. Dept. of Justice*, 672 F.3d 825, 826 (10th Cir. 2012) ("The government bears the burden of demonstrating that the request falls into one of the enumerated exceptions, and we construe narrowly in favor of disclosure."); *Info. Network for Responsible Mining v. B.L.M.*, 611 F. Supp. 2d 1178, 1184 (D.Colo 2009) ("the federal agency resisting disclosure in response to a FOIA request, bears the burden of justifying nondisclosure" (quoting *Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1226 (10th Cir. 2007))); *Patterson v. IRS*, 56 F.3d 832, 836 (7th Cir. 1995) ("The government agency bears the burden of justifying its decision to withhold the requested information."); *Id.* at 840 ("it is the IRS' burden to establish the adequacy of its search."); *Oglesby v. U.S. Dept. of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990) (an agency must make "a good-faith effort to conduct a search of the requested records, using methods which can be reasonably expected to produce the information requested."); *U.S. Dept. of Justice v. Tax Analysts,* 492 U.S. 136, 142 n. 3 (1989) ("the burden is on the agency to demonstrate, not the requester to disprove, that the

materials sought . . . have not been improperly withheld.").

To oppose summary judgment in this FOIA and the Privacy Act action, defendant must show that there are genuine issues of material fact with regard to its failure to disclose the items requested by plaintiff or required to be automatically disclosed by section (a)(2) of FOIA. Here, because of the absolute lack of evidence proffered by defendant thus far in this case, once this motion has been made, the burden shifts to defendant to show—whether by affidavits, declarations, or other competent evidence—that summary judgment is not proper. *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994); *see also Celotex*, 477 U.S. at 322 ("the plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.") Defendant must be required to "present more than a scintilla of evidenc.e" *Rice v. U.S.*, 166 F.3d 1088, 1092 (10th Cir. 1999). *See also Anderson,* 477 U.S. at 256 ("[A] party opposing . . . summary judgment may not rest on mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." (citations and quotations omitted)).

### III. <u>UNDISPUTED STATEMENT OF MATERIAL FACTS ("Facts")</u>

1. Defendant's website explicitly states that "[a]ll IRS records are subject to FOIA requests." *Docket #36* at ¶ 18 and Exhibit 2.

2. Defendant is aware that FOIA "should be administered with a clear presumption: In the face of doubt, openness prevails." *Id.* at ¶ 20 and Exhibits 3 - 5; *Docket #37* at ¶ 20.

## FIRST CLAIM FOR RELIEF

3.  Defendant's website explicitly states that Form 4506-T is simply a procedural "alternative to filing a formal FOIA request . . . designed to make access quick and easy." *Docket #36* at ¶ 20 and Exhibit 3.

4.  On 10 May 2012, plaintiff submitted a three-page request for Return Transcripts, Account Transcripts, and Records of Account on IRS Form 4506-T for the years 2000 through 2010. *Id.* at ¶ 25 and Exhibit 8; *Docket #37* at ¶ 25.

5.  On 24 May 2012, defendant responded advising that it could not process plaintiff's transcript requests. *Docket #26* at § 4. Defendant claimed on this response that the <u>name</u> and <u>social security number</u> plaintiff input on her Form 4506-T requests "does not match our records, is incomplete, or missing." *Docket #36* at ¶ 26 and Exhibit 9; *Docket #37* at ¶ 26.

6.  On 1 June 2012, plaintiff sent a fax to the IRS concerning her transcript request. *Docket #26* at § 4. Plaintiff included a copy of the Entity Module of her Individual Master File ("IMF") showing her name, address and social security number as being the same as that input on her Form 4506-T requests. *Docket #36* at ¶ 27 and Exhibit 10; *Docket #37* at ¶ 27.

7.  On 2 July 2012, defendant responded to plaintiff's fax advising that it could not process her transcript requests. This time defendant claimed that the <u>social security number</u> plaintiff input on her Form 4506-T requests "does not match our records, is incomplete, or missing." *Docket #36* at ¶ 28 and Exhibit 11; *Docket #37* at ¶ 28.

8.  On 2 July 2012, plaintiff sent a four-page request for Return Transcripts, Account Transcripts, and Records of Account on IRS Form 4506-T for the years 1998

through 2010, to the IRS which included a copy of the Entity Module of her IMF. *Docket #36* at ¶ 29 and Exhibit 12; *Docket #37* at ¶ 29.

9. On 11 July 2012, defendant responded to plaintiff's request advising her that it could not process her transcript requests. This time defendant claimed that the <u>address</u> plaintiff input on her Form 4506-T requests "does not match our records, is incomplete, or missing." *Docket #36* at ¶ 30 and Exhibit 13; *Docket #37* at ¶ 30.

10. On 23 July 2012, plaintiff called the phone number listed on defendant's responses and left a message requesting a call back to discuss the issue causing the erroneous rejections of her transcript requests. Plaintiff never received a call back. *Docket #36* at ¶ 31; Declaration of Kelly Roe.

11. Defendant explicitly states through the "Privacy Impact Assessment"[1] it conducted for the IMF that it is "the authoritative data source for individual tax account data. All the other IRS information system applications that process IMF data depend on output from this source." *Docket #36* at ¶ 22 and Exhibit 6, p. 1.

12. Defendant explicitly states that data in the IMF includes social security number, name, and address, which are used to identify the correct account for processing of transactions or extraction of data through the Integrated Data Retrieval System ("IDRS") and other IRS systems. *Id.* at ¶ 23 and Exhibit 6, pp. 1 and 3.

13. Defendant explicitly states that a Form 4506-T requester's social security number (or taxpayer identification number), name, and address is verified using the "Address Research Tool" on IDRS. *Id.* at ¶ 24 and Exhibit 7.

14. As of the date of this motion, defendant still has not provided Return

---

[1] http://www.irs.gov/uac/Privacy-Impact-Assessments-PIA.

Transcripts, Account Transcripts, and Records of Account for the years 1998 through 2010 to plaintiff.

## SECOND CLAIM FOR RELIEF

15. On 10 May 2012, plaintiff and her husband submitted a request to defendant pursuant to FOIA and the Privacy Act requesting copies of forms, transcripts, electronic records, and a spreadsheet. *Id.* at ¶ 36 and Exhibit 14; *Docket #37* at ¶ 36.

16. Defendant did not provide any of the records within the 20-day statutory period required by FOIA. *Docket #36* and *37* at ¶ 37-39.

17. Defendant still had not provided any of the requested records by the time the original complaint was filed and defendant served in this action. *Id.* at ¶ 40.

18. On 13 September 2012, the IRS partially responded to the 10 May 2012 request withholding one page in full and 14 pages in part and claiming that it "was unable to locate any documents responsive to the remainder of [the] request." Defendant claimed it withheld the one page in full pursuant to FOIA exemption (b)(7)(E). *Id.* at ¶ 41 and Exhibit 17.

19. Defendant has not identified which page of which requested item it withheld in full pursuant to FOIA exemption (b)(7)(E).

20. As of the date of this motion, defendant has not provided the outstanding items at ¶ 42 of *Docket #36*.[2]

---

[2] After reviewing defendant's Answer (*Docket #37*), plaintiff acknowledges that she made a typographical error requesting Form 3352, rather than Form 3552, on the original 10 May 2012 request. Therefore, plaintiff withdraws her complaint with regard to the Form 3352.

- 7 -

21. As of the date of this motion, defendant has not submitted a sworn affidavit from responsible agency officials proving that it conducted an adequate search for those items.

### THIRD CLAIM FOR RELIEF

22. Defendant explicitly states that it must automatically disclose the IRM electronically to the public for inspection and copying pursuant to section (a)(2) of FOIA. *Id.* at ¶ 52, Exhibit 2, p. 1 and Exhibit 18, p. 2.

23. Defendant redacted/deleted parts of the IRM from public view claiming those sections contain "Official Use Only" material, which is defined as "sensitive information that is protected from public disclosure." *Docket #36* and *37* at ¶¶ 54 – 57.

24. Defendant provides no information regarding any FOIA exemption used to justify the redaction/deletion of those sections. *Docket #36* at ¶¶ 58-63, Exhibit 20, p. 2 and Exhibit 21.

### FOURTH CLAIM FOR RELIEF

25. Defendant admits that it periodically modifies the IRM. *Docket #36* and *37* at ¶ 66.

26. Defendant claims it provides access to "current or prior revisions of the IRM" at http://publish.no.irs.gov/catlg.html. *Docket #36* at ¶ 68 and Exhibit 20, p. 3. This website either doesn't exist, or is not publically accessible. *Id.* at Exhibit 22.

27. Only the current version of the IRM (including redactions/deletions discussed supra) is available to the public in defendant's "electronic reading room." *Id.* at Exhibit 19.

28. Only numerical indices from November 2011 forward are available to the

public in defendant's "electronic reading room." *Id.* at Exhibit 19.

## IV.   ARGUMENT

Defendant admits through its website and procedural manual (i.e., the IRM) that all of its records are subject to FOIA requests. *See* Facts ¶ 1. *See also* 26 C.F.R. § 301.9000-1(a) defining IRS records or information as "any material (including copies thereof) contained in the files (including paper, electronic or other media files) of the [IRS]." "[U]nder FOIA, agencies are required to release any requested agency records *unless* they fall within one of the exemptions." *Prison Legal News v. Exec. Off. for U.S. Attys.*, 628 F.3d 1243, 1251 (10th Cir. 2011) (citing *Tax Analysts,* 492 U.S. at 150-51). Emphasis in original. Further, "[a]n individual may utilize the Privacy Act or the FOIA or both to seek access to information about himself in agency records and is entitled to the cumulative total of access rights under the two Acts." *Clarkson v. IRS*, 678 F.2d 1368, 1376 (11th Cir. 1982) (citations and quotations omitted). The burden of proof is on defendant to prove that it discharged its obligation to disclose records requested under FOIA and/or the Privacy Act and to justify the applicability of any claimed exemption. *Trentadue,* 501 F.3d at 1226.

### A.   FOIA Policy of Full Disclosure.

It is well-settled that "FOIA is to be broadly construed in favor of disclosure, and its exemptions are to be narrowly construed." *Herrick v. Garvey*, 298 F.3d 1184, 1189 (10th Cir. 2002) (citations and quotations omitted). This commitment is shared—at least in theory if not in practice—by the executive branch.

The day after taking office in January of 2009, President Obama reaffirmed the federal government's "commitment to accountability and transparency" making clear

that:

> The Freedom of Information Act should be administered with a clear presumption: In the face of doubt, openness prevails. The Government should not keep information confidential merely because public officials might be embarrassed by disclosure, because errors and failures might be revealed, or because of speculative or abstract fears.

*Memorandum from President Obama for the Heads of Executive Departments and Agencies*, 74 Fed. Reg. 4683 (Jan. 26, 2009); *see Docket #36* at Exhibit 4. In accordance thereto, the U.S. Attorney General issued his "Memorandum For Heads of Executive Departments and Agencies" on March 19, 2009 reaffirming same, and encouraging agencies to: 1) avoid withholding information based mere technicalities "simply because it may do so legally"; and 2) work proactively by systematically disclosing to the public as much information as possible electronically. *Id.* at Exhibit 5. Defendant is aware of this policy. *See* Facts ¶ 2.

### B.     FOIA'S Central Purpose Is To Keep The Government Honest.

FOIA was enacted in 1966 in order to "increase the citizen's access to government records" (*Hawkes v. IRS*, 467 F.2d 787, 791 (6th Cir. 1972) (citation omitted); see also *Hawkes v. IRS*, 507 F.2d 481 (6th Cir. 1974)) and was designed to " . . . guarantee the right of persons to know about the business of their government." H.R. Rep. No. 876, 93d Cong., 2d Sess. 4 (1974). Since its enactment, "[FOIA] has been a valuable means through which any person can learn how the Federal Government operates." *Electronic Freedom of Information Act Amendments of 1996*, Pub.L. 104-231 § 2(a)(2) ("Electronic FOIA Amendments").[3] Even defendant recognizes that "FOIA is

---

[3] http://library.clerk.house.gov/reference-files/PPL_104_231_ElectronicFreedomofInformationAmendments_1996.pdf

based on the presumption that the government and its information belong to the people." *Docket #36* at Exhibit 3.

As discussed by the court in *Long v. IRS,* "[t]he legislative hearings [before the enactment of FOIA] demonstrate the propensity of governmental agencies to shield their activities and procedures from public scrutiny." 349 F. Supp. 871, 875 (W.D. Wash. 1972) (citations omitted). Opening up the government's activities "to the light of public scrutiny" (*U.S. Dept. of Justice v. Rep. Comm.*, 489 U.S. 749, 772 (1989)) was designed to help keep the government honest. As the U.S. Supreme Court explained in *NLRB v. Robbins Tire & Rubber Co.*, "[t]he basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." 437 U.S. 214, 242 (1978). *See also Herrick*, 298 F.3d at 1189 (quoting same). That this was a concern even at the time of this country's founding was made clear by Justice Douglas through his dissent in the 1973 U.S. Supreme Court case of *EPA v. Mink*:

> The generation that made the nation thought secrecy in government one of the instruments of Old World tyranny and committed itself to the principle that a democracy cannot function unless the people are permitted to know what their government is up to.

410 U.S. 73, 105 (1973)[4] (citations and quotations omitted).

**C.    First Claim for Relief: No Evidence Has Been Presented by Defendant Justifying Its Failure to Provide the Return Transcripts, Account Transcripts, and Records of Account for the Years 1998 Through 2010 Requested by Plaintiff on IRS Form 4506-T.**

---

[4] The holding in *Mink* was superseded by the 1974 revision of 5 U.S.C. 552(b)(1) which provided for in camera inspection of all documents, even those with possible national security implications. See *NLRB v. Robbins*, 437 at 226-27; *Antonelli v. FBI*, 536 F. Supp 568, n.11 (N.D. Ill. 1982) (citing 93-1200, 93rd Cong., 2d Session and identifying that "there has never been a blanket exception for law enforcement files.").

Defendant not only acknowledges that all IRS records are subject to FOIA (*see* Facts ¶ 1), defendant also acknowledges that the Form 4506-T is merely a procedural substitute designed to make access quicker and easier than the ordinarily complicated request process stipulated by the FOIA statutes. See Facts ¶ 3. *See also* 26 C.F.R. 601.702(d)(1) providing rules for the disclosure of certain records under FOIA "in accordance with other established procedures." Thus, even though the request and processing procedure may be streamlined, agency records requested via the Form 4506-T are nevertheless subject to the FOIA disclosure requirements. "[U]nder FOIA, agencies are required to release any requested agency records *unless* they fall within one of the exemptions." *Prison Legal News*, 628 F.3d at 1251 citing *Tax Analysts,* 492 U.S. at 150-51. Emphasis in original.

Defendant does not claim that any FOIA and/or Privacy Act exemption applies to plaintiff's Form 4506-T requests. Instead, defendant erroneously claims that it was unable to process plaintiff's requests because either the name, address, and/or social security number plaintiff input on the Forms 4506-T purportedly did not match the data maintained by defendant on her. *See* Facts ¶¶ 5, 7 and 9. "Even when an agency does not deny a FOIA request outright, the requesting party may still be able to claim 'improper' withholding by alleging that the agency has responded in an inadequate manner." *Tax Analysts*, 492 U.S. at 151 n.12 (citing 26 U.S.C. § 552(a)(6)(C) and *Kissinger v. Rep. Comm. for Freedom of Press*, 455 U.S. 136, 166 (1980)).

Defendant not only repeatedly changed the reason it claimed it could not process plaintiff's requests (*see* Facts ¶¶ 5, 7 and 9), but continued to maintain its erroneous

position even after plaintiff pointed out that the IMF data maintained by defendant on plaintiff—which should have been used by defendant to confirm plaintiff's identity when processing her Form 4506-T requests—was consistent with plaintiff's requests. *See* Facts ¶¶ 6 - 9 and 11 - 13. Defendant afforded plaintiff with no opportunity to appeal (*see* 5 U.S.C. § 552(a)(6)(A)(i) requiring an agency provide a requester notification of his/her right to appeal; *Ruotolo v. U.S. Dept. of Justice,* 53 F.3d 4, 9 (2nd Cir. 1995) ("The Tax Division's response . . . did not include notification of the right to appeal and, consequently, there was no timely determination of the request. Accordingly, [plaintiffs] are deemed to have exhausted their administrative remedies"; *Oglesby*, 920 F.2d at 67 ("letter constituted an 'adverse determination' under 5 U.S.C. § 552(a)(6)(A)(i) because appellant did not receive the documents he requested")) nor did it return the phone message left by plaintiff. *See* Facts ¶¶ 5, 7, 9, and 10.

Accordingly, there are no material facts in dispute and nothing jurisdictionally precluding judgment for plaintiff on this first claim for relief. Defendant has not met its burden of proof; immediate disclosure of the Return Transcripts, Account Transcripts, and Records of Account for the years 1998 through 2010 from the data maintained by defendant on plaintiff is required.

In addition, defendant's erroneous denials were not only utterly without factual merit and gave plaintiff no opportunity to appeal, the denials may have actually been calculated to deny plaintiff timely access to the transcripts. The transcripts are but a mere snapshot in time; past transactions can be modified by future transactions, which can result in a very different record now than when plaintiff originally requested the transcripts. Continued delay makes it that much more likely that a subsequent

modification to the record will change the nature of the data output via the transcripts. The fact that defendant—even after initiation of this litigation and without excuse—continues to refuse to provide the transcripts and refuses to correct the problem (whether a record or personnel issue) which caused the erroneous denials of plaintiff's requests, indicates that the denials were likely arbitrary and capricious warranting referral to the Special Counsel for investigation as provided in 5 U.S.C. § 552(a)(4)(F).

**D.	Second Claim for Relief: No Evidence Has Been Presented by Defendant That Would Provide Sufficient Justification for the Withholding of One Page from Plaintiff's Request Pursuant to Exemption (b)(7)(E) Nor Has Defendant Claimed Any Exemption for the Remaining Outstanding Items.**

Defendant claims that one page of the items requested by plaintiff on 10 May 2012 (*see* Facts ¶ 15) was withheld pursuant to FOIA exemption (b)(7)(E), yet failed to identify the item actually withheld and did not provide "sufficiently detailed information to enable a district court to rule whether it falls within an exemption provided by FOIA." *Ethyl Corp. v. EPA*, 25 F.3d 1241, 1244 (4th Cir. 1994); Facts ¶¶ 18 and 19. Further, defendant failed to provide the outstanding items identified in plaintiff's Third Amended Complaint at ¶ 42 claiming simply that it was "unable to locate any documents responsive to the remainder of [plaintiff's] request." *See* Facts ¶ 18. As of the date of this motion, defendant still has not: 1) identified the page withheld pursuant to FOIA exemption (b)(7)(E); 2) provided any information regarding that item or its justification for withholding; 3) claimed any additional exemptions for the outstanding items; or 4) provided any of the outstanding items to plaintiff.

Accordingly, there are no material facts in dispute precluding judgment for plaintiff on this second claim for relief. Defendant has not met its burden of proof;

- 14 -

immediate disclosure of the outstanding items as well as the item allegedly withheld pursuant to FOIA exemption (b)(7)(E) is required.

### E. Second Claim for Relief: Defendant Has Failed to Plead any Facts That Would Demonstrate It Conducted an Adequate Search For The Items Requested.

To meet its burden of proof, defendant must demonstrate that it made "a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested.'" *Oglesby*, 920 F.2d at 68. *See also Info. Network for Responsible Mining*, 611 F. Supp. 2d at 1184 ("FOIA requires an agency presented with a FOIA request to conduct a search that is 'reasonably calculated to uncover all relevant documents'" (quoting *Miller v. U.S. Dept. of State*, 779 F.2d 1378, 1383 (8th Cir. 1985)); *Ledbetter v. IRS*, 290 F. Supp. 2d 1232, 1235-36 (N.D. Okla. 2003); *Patterson*, 56 F.3d at 841. Such demonstration must come in the form of an agency affidavit that is "relatively detailed, non-conclusory, and submitted in good faith." *Ledbetter*, 290 F. Supp. at 1236. *See also Adionser v. U.S. Dept. of Justice*, 811 F. Supp. 2d 284, 292 (D.D.C. 2011) ("To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail the scope and method of the agency's search."); *Oglesby,* 920 F.2d at 68 (agency must provide "a reasonably detailed affidavit, setting forth the search terms and type of search performed, and averring that all files likely to contain responsive materials. . . were searched."); *Miller,* 779 F.2d at 1383.

Defendant claimed that it was "unable to locate any documents responsive to the remainder of [plaintiff's] request." Yet, based on the nature of the outstanding items, it is likely that defendant did not conduct an adequate search. For example, plaintiff

requested Form 4340, IMFLOR and AMSDISA transcripts. *See* Facts ¶ 15 and *Docket #36* at ¶¶ 43 and 45. Even if there were no responsive data in the system, the transcript printout would reflect that fact.

Defendant provided none of the requested Form 4340 transcripts. *See* Facts ¶¶ 18 - 20. While AMSDISA transcripts were provided for the years 2002 through 2010 for plaintiff and her husband, and for the year 2002 for WPM, defendant failed to provide transcripts for the years 2000 and 2001. *Id.* Similarly, while defendant provided the IMFLOR transcript for the year 2000 to plaintiff, it failed to provide that transcript for the remaining years requested (2001 through 2010) to her, and failed to provide any IMFLOR transcripts to her husband for any of the years requested. *Id*. Similarly, the pushcodes.xls is a spreadsheet referred to by one of defendant's manuals and thus clearly existed at the time of plaintiff's original request. *Id*.

The pushcodes.xls spreadsheet is officially acknowledged in defendant's publically accessible manual, the 2012 *IRS Processing Codes and Information Manual*.[5] Under FOIA's waiver of exemptions doctrine "the government cannot rely on an otherwise valid exemption [to FOIA] to justify withholding information that has been `officially acknowledged' or is in the 'public domain.'" *Herrick*, 298 F.3d at 1193 (citing *Davis v. U.S. Dept. of Justice*, 968 F.2d 1276, 1279 (D.C. Cir. 1992)). *See also Wolf v. CIA,* 473 F.3d 370, 379-80 (D.C. Cir. 2007) (discussing that where existence of a specific record has been officially acknowledged, the agency may be compelled to disclose that specific record under FOIA unless it can "establish both that [its] contents are exempt from disclosure and that such exemption has not also been waived" by the

---

[5] http://www.irs.gov/uac/Document-6209-%E2%80%93-2012-Edition.

official acknowledgement).

Accordingly, there are no material facts in dispute precluding judgment for plaintiff on this second claim for relief. Defendant has not met its burden of proof; immediate disclosure of the outstanding items—or if defendant asserts that the records do not exist, a sworn written declaration describing the types of files maintained by defendant and how the search was conducted followed by an averment that all files reasonably expected to contain the requested records were, in fact, searched and no responsive documents were found—is required.

In addition, defendant's failure to provide any of the outstanding items— particularly the transcripts, which are simply printed from existing data, and the pushcodes.xls file—may have been calculated to deny plaintiff timely access to those records. The fact that defendant—even after initiation of this litigation and without excuse—continues to refuse to provide the transcripts and spreadsheet, indicates that the failure to do so was likely arbitrary and capricious warranting referral to the Special Counsel for investigation as provided in 5 U.S.C. § 552(a)(4)(F).

F.  **Third Claim for Relief: Defendant Has Failed to Meet Its Burden of Proof to Justify Withholding Any Section of the Internal Revenue Manual from Public Examination as Required by Section (a)(2) of FOIA.**

A federal agency is mandated by FOIA to automatically make available for public inspection and copying all administrative staff manuals and instructions to staff that affect the public as well as general indices of those records. 5 U.S.C. § 552(a)(2); *Hawkes,* 467 F.2d at 793; Defendant acknowledges that the IRM falls under section (a)(2) of FOIA. IRM § 11.3.13.4.1 (01-01-2006); Facts ¶ 22. *See also Hawkes*, 467 F.2d at 794 ("Obviously the [requested sections of the IRM] sought [are] contained in a staff

manual. The materials do affect a member of the public in that they provide basic guidelines for investigation of various members of that public."). The Electronic FOIA Amendments modified FOIA to ensure and improve "public access to agency records and information" by requiring certain records, including those covered by section 552(a)(2), of FOIA, also be made available electronically to the public. Pub.L. 104-231 § 2(b).

Despite being mandated to make its entire IRM electronically available for public inspection and copying, defendant redacted/deleted multiple sections, stating simply that those sections contain "Official Use Only" material. *See* Facts ¶ 23. This denies both the right of the public to: 1) fully understand how the IRS interprets the law and structures its procedures accordingly, and 2) verify that IRS procedures are free of fraud and corruption, and in conformity with the law. Defendant has failed to provide any specific FOIA exemption justifying the redaction/deletion of any IRM section. *See* Facts ¶ 24.

The Sixth Circuit, when deciding that the IRM fell under section (a)(2) of FOIA, made clear that the exception for law enforcement material contained in section (a)(2)(C) of FOIA "applied only where the sole effect of disclosure would be to enable law violators to escape detection." *Hawkes*, 467 F.2d at 795. The court emphasized that the (a)(2)(C) "law enforcement" exception is a narrow one and any doubts should be resolved in favor of disclosure. *Id.* at 795-96 and n.10 citing Professor Kenneth Davis, *Administrative Law Treatise: 1970 supplement*, n.3 at 137 (West Pub. Co. 1971) ("One fundamental principle is that secret law is an abomination."). The *Hawkes* court came to this conclusion after discussing that:

> Enforcement is adversely affected only when information is made available which allows persons simultaneously to violate the law and to avoid detection. Information which merely enables an individual to conform his actions to any agency's understanding of the law applied by that agency does not impede law enforcement and is not excluded from compulsory disclosure under (a)(2)(C).
>
> Far from impeding the goals of law enforcement, in fact, the disclosure of information clarifying an agency's substantive or procedural law serves the very goals of enforcement by encouraging knowledgeable and voluntary compliance with the law. Such clarifying information is found . . . in many cases in manuals and instructions like those sought here which are addressed specifically to agency personnel. . . . Materials providing such information are administrative in character and clearly discloseable under (a)(2)(C).

*Id.* at 795.

> [T]he congressional objective [of FOIA was] . . . to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny . . . Consistently with that objective, the Act repeatedly states that official information shall be made available to the public, for public inspection.

*U.S. Dept. of Air Force v. Rose*, 425 U.S. 352, 360–361 (1976) (citations and quotations omitted).

Accordingly, there are no material facts in dispute precluding judgment for plaintiff on this third claim for relief. Defendant has not met its burden of proof; thus immediate electronic disclosure of the entire, unredacted version of the IRM is required.

**G.** **Fourth Claim for Relief: Defendant Has Failed to Meet Its Burden of Proof to Justify Withholding Any Past Versions of the Internal Revenue Manual and Its Numerical Indices from Public Examination as Required by Section (a)(2) of FOIA.**

The Electronic FOIA Amendments further modified FOIA to require that "records created on or after November 1, 1996" shall be made available electronically to the public. Pub.L. 104-231 § 4(7). Similarly, all indices created on or after December 31, 1999 are required to be made available electronically to the public. *Id.* at § 4(6).

- 19 -

Defendant admits that it has electronic copies of prior revisions of the IRM and its numerical indices, yet refuses to make these older versions available to the public. *See* Facts ¶¶ 26 - 28. In fact, under FOIA's waiver of exemptions doctrine (discussed *supra*) "the government cannot rely on an otherwise valid exemption [to FOIA] to justify withholding information that has been `officially acknowledged' or is in the 'public domain." *Herrick*, 298 F.3d at 1193. Clearly past versions of the IRM and its indices that were previously publicly available were already in the public domain and must be made public now.

Accordingly, there are no material facts in dispute precluding judgment for plaintiff on this fourth claim for relief. Defendant has not met its burden of proof; thus immediate electronic disclosure of all prior unredacted versions of the IRM—that were created on or after November 1, 1996—and all prior version versions of the numerical indices of the IRM—that were created on or after December 31, 1999—is required.

WHEREFORE, plaintiff requests that this court grant this Motion for Summary Judgment by awarding all relief requested in Plaintiff's Third Amended Complaint.

Dated this 1st day of March 2013.

Respectfully submitted,

/s/ Kelly Roe
Kelly Roe

PO Box 1168
Berthoud, Colorado 80513
(970) 532-1305