**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

KELLY ROE,                                        )
                                                  )          Case No. 1:12-cv-02344-CMA-MJW
                        Plaintiff,                )
                                                  )
            v.                                    )
                                                  )
INTERNAL REVENUE SERVICE,                         )
                                                  )
                        Defendant.                )

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT**

**SUMMARY OF ARGUMENT**

Defendant, the Internal Revenue Service ("IRS" or "Service"), submits that

Plaintiff's motion for summary judgment should be denied because the IRS has not

improperly withheld any records (Claims for Relief 1 and 2), Plaintiff has failed to

exhaust her administrative remedies (Claims for Relief 3 and 4), and Congress provided

no cause of action for the relief Plaintiff seeks (Claims for Relief 3 and 4).

**INTRODUCTION**

Plaintiff argues that: (1) the IRS failed to provide her with copies of her Return

Transcripts, Account Transcripts, and Records of Account; (2) the IRS failed to disclose

certain documents and transcripts to her pursuant to her May 10, 2012 Freedom of

Information Act ("FOIA") and Privacy Act request; (3) the IRS failed to provide an

unredacted version of the Internal Revenue Manual ("IRM") on its website; and (4) the

IRS failed to provide past, unredacted versions of its IRM on its website.  The Court

should deny Plaintiff's motion for summary judgment because she has failed to

9751890.1

establish that she is entitled to judgment as a matter of law on any of the four Claims for Relief in her third amended complaint.[1]

### RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS

1.      Admits that the quote in ¶ 1, that "[a]ll IRS records are subject to FOIA requests" is contained in a document entitled "Freedom of Information Act (FOIA) Guidelines" attached as Exhibit 2 to the Plaintiff's Third Amended Complaint, at Doc. 36.[2]

2.      Admits the allegations in ¶ 2; admits this a quote from Pl.'s Ex. 5.

3.      Admits that the first part of the quote in ¶ 3 "alternative to filing a formal FOIA request" is a paraphrased statement from an IRS document entitled "IRS Freedom of Information," and admits that the second part of the quote "designed to make access quick and easy" is contained in that document.

4.      Admits that Plaintiff sent a request for Transcripts of Tax Returns, IRS Form 4506-T, to the Service dated May 10, 2012 and admits the Ex. 8 appears to be a copy of those requests.

5.      Admits that Pl.'s Ex. 9 is a copy of Defendant's response to Plaintiff's May 10, 2012 requests for Transcripts of Tax Returns, IRS Form 4506-T, and admits the

---

[1]In the near future, Defendant will cross-move for summary judgment on Claims 1 and 2 and will move to dismiss Claims 3 and 4 for lack of subject matter jurisdiction and failure to state a claim. *See* D.C.COLO.LCivR 56.1B. "A cross motion for summary judgment shall not be included in a response brief.  A cross motion shall be made in a separate motion and be subject to Section A. of this rule."  Further, the Scheduling Order provides that dispositive motions are not due until September 12, 2013.

[2]Unless otherwise indicated, all references to exhibits in this section refer to documents attached to Plaintiff's Third Amended Complaint.  (Doc. 36.)

9751890.1

boxes for "Name" and for "Social Security Number" are checked; avers that records in response to this 4506-T request for transcripts were released to Plaintiff on March 20, 2013.  (*See* Declaration of Thomas J. Jaworski, ¶ 3, Ex. B.)

6.      Admits that on June 1, 2012, the documents in Pl.'s Ex. 10 were faxed to the Service; admits that handwriting on the top of the first page states "You claim you cannot fulfill by request dated 05/12/12 of form 4506-T because my name & SSN do not match your records.  You are in error; see below. - Kelly Roe."

7.      Admits that, on July 2, 2012, the Service responded to Plaintiff's June 1, 2012 facsimile.  Admits that Pl.'s Ex. 11 is a copy of Defendant's response to Plaintiff's facsimile pertaining to Transcripts of Tax Returns, IRS Form 4506-T, and admits the box for "Name" is unchecked, the box for "Social Security Number" is checked, and the box for "Address" is unchecked.  Avers that the IRS provided records in response to this 4506-T request to Plaintiff on March 20, 2013.  (*See* Jaworski Declaration, ¶ 3, Ex. B.)

8.      Admits the allegations in ¶ 8 and admits that Pl.'s Ex. 12 appears to be a copy of documents Plaintiff purportedly faxed to the Service on July 2, 2012.

9.      Admits the Service responded to Plaintiff's July 2, 2012 facsimile on July 11, 2012; admits that the box for "Name" is unchecked, the box for "Social Security Number" is unchecked, and the box for "Address" is checked.  Avers that, in its response, the Service checked Box 46 "Return transcripts or record of account unavailable for tax year(s)" and added "1998 - 2007."  Avers that the Service released records in response to this 4506-T request to Plaintiff on March 20, 2013.  (*See* Jaworski Decl.,¶ 3 Ex. B.)

10.      Admits that, on January 30, 2013, Plaintiff provided undersigned counsel

9751890.1

with a copy of an audio recording.  Lacks sufficient knowledge or information to admit or deny the remaining allegations.

11.	Admits that ¶ 11 contains statements quoted from an IRS document entitled Individual Master File (IMF) - Privacy Impact Statement and admits that Pl.'s Ex. 6 appears to be this document.

12.	Paragraph 12 purports to paraphrase information on pages 1 and 3 of Pl.'s Ex. 6.  As to the clause before the comma in ¶ 12, admits that page 1 of Pl.'s Ex. 6 states that the individually identifiable data elements include "taxpayer identification number," "taxpayer name," and "taxpayer address," and avers that the individually identifiable data elements also include "taxpayer income" and "taxpayer liability."

13.	Admits that ¶ 13 contains statements paraphrased from an IRS document entitled Internal Revenue Manual Section 3.5.20.2 and admits that Pl.'s Ex. 7 appears to be this document.

14.	Denies.  On March 20, 2013, the Service provided Plaintiff with Return Transcripts, Account Transcripts, and Records of Account for the years 1998 through 2010.  (*See* Jaworski Declaration, ¶ 3, Ex. B.)

15.	Admits, that, on May 10, 2012, Plaintiff submitted a request for documents, transcripts, and records under the FOIA and the Privacy Act to the Service and admits that Pl.'s Ex. 14 appears to be a copy of those requests.

16.	Admits, but avers that, by letter dated June 11, 2012, the Service extended its statutory time for response to the FOIA request described in ¶ 15 to June 26, 2012, and by letter dated July 30, 2012, extended its response time to August 31, 2012.

9751890.1

17.     Admits, but avers the Service released 612 pages to Plaintiff in response to the FOIA request on September 13, 2012, *see* Pl.'s Ex. 17, and the Service authorized the Department of Justice to release an additional 12 pages to Plaintiff on January 30, 2013, *see* Jaworski Declaration, ¶ 2, Ex. A, and an additional 89 pages on March 20, 2013, *Id.,* ¶ 3, Ex. B.

18.     Admits the Service responded to Plaintiff by letter dated September 13, 2013 and admits that such letter was a partial denial of documents under the FOIA.

19.     Admits, but avers Defendant will submit affidavit(s) providing a reasonably detailed analysis of the requested document(s) and the reasons for invoking particular exemption(s) when it moves for summary judgment in the near future.

20.     Denies as Defendant has provided responsive documents to Plaintiff's FOIA request; avers Defendant is still searching for documents responsive to Plaintiff's FOIA request and, at this time, it is unknown whether additional responsive documents exist.  If additional responsive documents exist, and there are no applicable exemptions justifying withholding, Defendant will produce the documents to Plaintiff.

21.     Admits, but avers Defendant will submit affidavit(s) providing a reasonably detailed analysis of the requested document(s) and the reasons for invoking particular exemption(s) when it moves for summary judgment in the near future.

22.     Admits that ¶ 22 contains a statement quoted from an IRS document entitled "Freedom of Information Act (FOIA) Guidelines" and admits that Pl.'s Ex. 2 appears to be a copy of that document.  Avers the Court lacks subject matter jurisdiction over the Third Claim for Relief because Plaintiff failed to exhaust administrative remedies.  Avers there is no cause of action for redacting portions of the

9751890.1

IRM from public view.

      23.    Admits.

      24.    Admits.

      25.    Admits.

      26.    Admits Defendant claims it provides access to "current or prior revisions of the IRM at http://publish.no.irs.gov/catlg.htm."  Admits this website is not currently operational, but that current and prior versions of the IRM are publically accessible at www.westlaw.com.  (*See* Jaworski Decl., ¶ 4, Ex. C.)  Avers that the FOIA does not require the IRS to make prior versions of the IRM available to the public.  Avers that there is no cause of action based on statements contained in IRS manuals.  Avers that the Court lacks subject matter jurisdiction over the Fourth Claim for Relief because Plaintiff failed to exhaust administrative remedies and that the Fourth Claim for Relief fails to state a claim for which relief can be granted.

      27.    Admits.

      28.    Admits.

## **ARGUMENT**

### I.

### PRESIDENT OBAMA'S MEMORANDUM DIRECTS AGENCIES TO EMPLOY A PRESUMPTION OF DISCLOSURE - IT DOES NOT GRANT AN ABSOLUTE RIGHT OF DISCLOSURE

President Obama's Memorandum directs agencies to release information when a claimed exemption from disclosure provides the agency with the discretion to disclose provided the disclosure does not harm the agency.  *Memorandum from President Obama for the Heads of Executive Departments and Agencies*, 74 Fed. Reg. 4683

9751890.1

(Jan. 26, 2009); *see* Pltf.'s Third Am. Compl. at Ex. 4.  The directive to the executive heads in the Memorandum does not have the force and effect of law; therefore it is not justiciable.  *Spannaus v. United States Dep't of Justice*, 942 F. Supp. 656, 658 (D.D.C. 1996).  Consistently, the Memorandum makes clear that it *"does not* create *any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies or entities,* its officers, employees, or agents, or any other person."  (Emphasis added.)  Moreover, courts have also found that the foreseeable harm standard in the Internal Revenue Manual to determine whether to release records that are technically the subject to a FOIA exemption does not bind the IRS or create rights for plaintiffs in FOIA actions.  *Tax Analysts v. IRS* 152 F. Supp.2d 1, 7 (D.D.C. 2001), *aff'd Tax Analysts v. IRS*, 294 F.3d 71 (D.C. Cir. 2002).

II.

### PLAINTIFF IS NOT ENTITLED TO SUMMARY JUDGMENT ON HER FIRST CLAIM FOR RELIEF BECAUSE THE RELIEF SHE SEEKS IS MOOT

Plaintiff seeks summary judgment on her First Claim for Relief in Third Amended Complaint on the ground that Defendant has not provided her with documents she requested.  On May 10, 2012 and July 2, 2012, Plaintiff submitted non-FOIA requests for Transcripts of Tax Returns, IRS Form 4506-T, to the IRS seeking copies of her IRS Return Transcripts, Account Transcripts, and Records of Account for the years 1998 through 2010.  (*See* Doc. 38, Pl.'s Mot. Summ. J. at p. 5.)

Plaintiff's First Claim for Relief is moot because Defendant fully complied and it fully responded to Plaintiff's two non-FOIA requests.  First, on July 11, 2012, Defendant responded to Plaintiff's requests submitted on May 10, 2012 and July 2, 2012 by

9751890.1

informing her that her records were unavailable because of age for 1998 through 2007. (Pl.'s Third Am. Compl., Ex. 13, Box. No. 46.)  Second, on March 20, 2013, the Service released 17 pages of records responsive to these requests.  (*See* Jaworski Decl., ¶ 3, Ex. B.)  Specifically, the IRS released to Plaintiff the following records: Records of Account for 2009 and 2010 indicating "no record of return filed," Tax Return Transcripts for 2009 and 2010 indicating "no record of return filed,"[3] and Account Transcripts for 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007, 2008, 2009, and 2010 all showing "requested data not found."  Plaintiff's Third Amended Complaint seeks an order that Defendant correct whatever records "are causing the erroneous rejection of plaintiff's Form 4506-T requests..."  (Doc. 36 at p. 20.)[4]  The IRS's March 20, 2013 release of records should moot Plainitff's First Claim for Relief in its entirety.  For this reason, Plaintiff is not entitled to summary judgment on her First Claim for Relief.

III.

PLAINTIFF IS NOT ENTITLED TO SUMMARY JUDGMENT ON HER SECOND CLAIM FOR RELIEF BECAUSE SHE HAS PREMATURELY MOVED FOR RELIEF UNDER THE FOIA

Plaintiff has moved for summary judgment before Defendant has had a chance

---

[3]The Form 4506-T, on its face, provides that Return Transcripts and Records of Account are only available for the current year and 3 prior tax years.

[4]At all events, the Court lacks subject matter jurisdiction over this request.  *See* 26 U.S.C. § 7852(e) ("Privacy Act of 1974.--The provisions of subsections (d)(2), (3), and (4), and (g) of section 552a of title 5, United States Code, shall not be applied, directly or indirectly, to the determination of the existence or possible existence of liability (or the amount thereof) of any person for any tax, penalty, interest, fine, forfeiture, or other imposition or offense to which the provisions of this title apply."); *also* 31 C.F.R. 1.27(f)(4) ("Records not subject to correction under the Privacy Act" include "[r]ecords pertaining to the determination, the collection and payment of the federal taxes...") Defendant will fully discuss this argument in its cross-motion for summary judgment.

9751890.1

to demonstrate it has met its burden under the FOIA.[5]  Furthermore, the disputed issues as to Plaintiff's FOIA claims are few because the IRS has released many more pages than it has withheld in response to her FOIA request.  On September 13, 2012, Defendant released 612 pages, and of the 612 pages, it only withheld in part 14 pages pursuant to FOIA Exemption (b)(3); it also withheld 1 page in full based upon 5 U.S.C. § 552(b)(7)(E).  (*See* Doc. 36, Pltf. Third Am. Compl., Ex. 17.)  Plaintiff does not challenge the bases for withholding the 14 pages in part.  (*See* Doc. 38, Pltf. Summ. J. Mot. at p. 2.)  On January 30, 2013, Defendant released in full 5 additional pages to Plaintiff and modified its claimed exemption for 4 other pages.  (*See* Jaworski Decl., ¶ 2, Ex. A.)  On March 20, 2013, Defendant released in full 89 pages of documents in response to Plaintitff's FOIA request.  (*Id.* at ¶ 3, Ex. B.)

Plaintiff is correct that a federal agency bears a twofold burden to succeed in defense of FOIA claims: it must conduct an adequate search, and it must properly justify any FOIA exemptions from disclosure it asserts.  The agency is under a duty to conduct a "reasonable" search for responsive records using methods which can be reasonably expected to produce the information requested to the extent it exists.  *Safecard Services, Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991); *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *Weisburg v. Department of Justice*, 705 F.2d 1344, 1352 (D.C. Cir. 1983); *Trentadue v. FBI*, 572 F.3d 794, 798 (10th Cir. 2009).  The agency's burden may be sustained by submitting

---

[5]The deadline for dispositive motions is September 12, 2013.  (*See* Scheduling Order, Doc. 36 at p. 8.)

9751890.1

affidavits which provide a reasonably detailed analysis of the requested documents and

the reasons for invoking a particular exemption. *Trentadue*, 572 F.3d at 807; *Manna v.*

*U.S. Department of Justice*, 51 F.3d 1158, 1162-63 (3d Cir. 1995).  Summary judgment

may be granted solely on the basis of these agency affidavits if they are clear, specific,

and reasonably detailed, and describe the withheld information in a factual and non-

conclusory manner.  *Hull v. IRS*, 656 F.3d. 1174, 1177 (10th Cir. 2011); *Manna*, 51 F.3d

at 1163-64.

But, here, Plaintiff prematurely moved for summary judgment on issues that

Defendant must prove itself by moving for summary judgment and attaching affidavits

that establish it has met its dual burden under the FOIA.  *Oglesby*, 920 F.2d at 68;

*Public Employees for Envtl. Responsibility (PEER), Rocky Mountain Chapter v. U.S.*

*EPA*, 978 F. Supp. 955, 959 (D. Colo. 1997).  Defendant will fully discuss its dual

burden when it files its cross-motion in the near future.  Accordingly, the Court should

deny Plaintiff summary judgment as to her FOIA claim; alternatively, the Court should

reserve decision until the IRS has cross-moved for summary judgment thereby

providing the Court with its non-conclusory affidavits supporting its position that is has

met all its duties under the FOIA.

IV.

THE COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER THE
THIRD CLAIM FOR RELIEF BECAUSE PLAINTIFF FAILED TO EXHAUST HER
ADMINISTRATIVE REMEDIES AND PLAINTIFF FAILS TO STATE A CLAIM FOR
RELIEF IN THE THIRD CLAIM FOR RELIEF

Plaintiff seeks summary judgment on her Third Claim for Relief on the ground

that Defendant has failed to justify its redacting of certain materials from its publically

9751890.1

available Internal Revenue Manual ("IRM").  But the Court lacks subject matter jurisdiction over the Third Claim, pursuant to Fed. R. Civ. P. 12(b)(1), because Plaintiff failed to exhaust her administrative remedies by submitting a FOIA request to the IRS for the redacted portions of the IRM before seeking judicial review.  Further, Plaintiff fails to state a claim for relief that can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), because an agency can redact information proactively disclosed on its publically available website, pursuant to 5 U.S.C. § 552(a)(2).[6]  Agencies can redact manuals, such as the IRM, in the same manner as an agency is entitled to redact any disclosures it makes pursuant to an actual FOIA request.

Plaintiff is not entitled to the redacted portions of the IRM without first making a FOIA request for the redacted portions and there is no evidence that Plaintiff ever submitted such a FOIA request to the IRS.  Nor does the Third Amended Complaint allege such a request was submitted to the IRS.

While the IRM is subject to the FOIA proactive disclosure requirements under 5 U.S.C. § 552(a)(2)(C), the IRS has met these requirements by placing the IRM on its website - while redacting some portions.[7]  The FOIA provides that requesters must

---

[6]While the FOIA requires agencies to make administrative staff manuals publically available without waiting for specific requests from the public, the FOIA exemptions still apply to documents subject to (a)(2) release, such as the IRM.  *See* 5 U.S.C. § 552(b); *see also Fed. Open Mkt. Comm. of Fed. Reserve Sys. v. Merrill*, 443 U.S. 340, 359 fn 23 (1979) ("In this respect, we note that *Sears* itself held that a memorandum subject to the affirmative disclosure requirement of § 552(a)(2) was nevertheless shielded from disclosure under [FOIA] Exemption 5 because it contained a privileged attorney's work product.")

[7]The IRS has redacted certain portions of the IRM from public view as "Official Use Only" material, defined as "sensitive information that is protected from public disclosure."  *See* Pltf.'s Third Am. Compl., Doc. 36 at ¶¶ 56-57.

9751890.1

exhaust administrative remedies by first seeking so called "(a)(2)" materials directly from the agency:

> Each agency, upon any request for records made under paragraph (1), **(2) [the proactive disclosure obligations at issue in Claim 3]**, or (3), of this section, shall –
>
> *See* 5 U.S.C. § 552(a)(6)(A) (Emphasis added); and
>
> Any person **making a request** to any agency for records under paragraph (1), **(2)**, or (3) of this subsection <u>shall be deemed to have exhausted his administrative remedies</u> [illustrating that exhaustion of administrative remedies is required even when seeking records subject to the FOIA proactive disclosure requirements] . . ."
>
> *See* 5 U.S.C. § 552(a)(6)(C)(I) (Emphasis added.)

Thus, before seeking judicial review, a plaintiff must request (a)(2) material, such as redacted portions of the IRM, directly from the IRS.  If the agency denies the request, the requester can file an administrative appeal.  *See* 5 U.S.C. § 552(a)(6)(A)(i)(ii).  The FOIA requires exhaustion of this appeal process before an individual may seek relief in the district court.  *See Oglesby*, 920 F.2d at 61 (internal citations omitted).

This was the approach taken by the requester taken in the case cited by Plaintiff in support of her motion for summary judgment on Claim 3.  *See* Doc. 38, Pltf. Summ. J. Mot. at p.18, citing *Hawkes v. IRS*, 467 F.2d 787, 789-90 (6th Cir. 1972).  Mr. Hawkes sent a letter to the IRS Assistant Commissioner seeking production of redacted portions of the IRM from the IRS.  *Id.*[8]  The IRS declined to release certain redacted portions of

---

[8]Hawkes also sought some documents through criminal discovery procedures.  *Id.* at 789.

its IRM.  *Id.*  Hawkes appealed the denial to IRS Commissioner and the IRS

Commissioner rejected the appeal.  *Id.*  Hawkes then filed suit in district court seeking

an order requiring the IRS to disclose all materials requested in his letter.  The Sixth

Circuit remanded the case to the district court to consider if the withheld portions of the

IRM should remain withheld or should be released.  *Id.* at 796.

Here, unlike Mr. Hawkes, Plaintiff did not first seek production of the redacted

portions of the IRM from the IRS and, instead, simply sought judicial review of the IRS's

decision to redact its IRM without exhausting her administrative remedies. The statutory

scheme requires that the IRS should first, at the administrative level, have the

opportunity to exercise is discretion and expertise in these matters before a requester

files suit in district court.

Under the FOIA, a plaintiff must exhaust her administrative remedies before

seeking judicial review.  *Summers v. Dep't of Justice*, 140 F.3d 1077, 1080 (D.C.Cir.

1998); *Flowers v. IRS*, 307 F. Supp.2d 60, 66 (D.D.C. 2004) ("[e]xhaustion of

administrative remedies is generally required before seeking judicial review so that the

agency has an opportunity to exercise its discretion and expertise on the matter and to

make a factual record to support its decision.").  "A complainant exhausts administrative

remedies by requesting specific information in accordance with published administrative

procedures and appealing any improperly refused request to the head of the agency."

*Steese, et. al. v. SEC*, 10-cv-1071, 2010 WL 5072011, *5 (Dec. 7, 2010 D. Colo.) *citing*

5 U.S.C. § 552(a)(3); *see Judicial Watch, Inc. v. FBI*, 190 F. Supp.2d 29, 32-33 (D.D.C.

2002).  A plaintiff's failure to exhaust administrative remedies results in a lack of subject

matter jurisdiction requiring dismissal.  *See McDonell v. United States*, 4 F.3d 1227,

1240-41 (3d Cir. 1993), *citing Oglesby v. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir.

1990).[9]

Here, the Court lacks subject matter jurisdiction over the Third Claim for Relief

because Plaintiff sought judicial review without first presenting her FOIA request to the

IRS for the unredacted portions of the IRM.  Had Plaintiff exhausted her administrative

remedies by making a FOIA request, the IRS would have been given the opportunity to

review the request, exercise its discretion and expertise on the matter and to make a

factual record supporting its decision.  *See Hull v. IRS*, 656 F.3d. 1174, 1179.  In

addition, in the Third Claim for Relief, Plaintiff fails to state a claim for relief that can be

granted where an agency redacts materials on its publically available website.

Further, a plaintiff cannot evade proper FOIA administrative procedures by

attempting to file his or her FOIA request as part of a pending judicial proceeding.  *See

Gillin v. IRS*, 980 F.2d 819, 823 n.3 (1st Cir. 1992) (ruling that plaintiff cannot expand

scope of an original FOIA request "after the agency has responded and litigation has

commenced").  By adding the Third Claim for Relief in her Third Amended Complaint

without having first exhausted her administrative remedies for that claim, Plaintiff is

attempting to impermissibly expand the scope of her May 10, 2012 FOIA request.

Because Plaintiff has not established that she exhausted her administrative

---

[9]Some courts have held that exhausting administrative remedies is a prudential
consideration, not a jurisdictional prerequisite.  *See Hull v. IRS*, 656 F.3d. at 1181 1177.
Regardless of whether administrative exhaustion is jurisdictional or merely prudential, a court
should dismiss a claim when, as is the case here, administrative remedies have not been
exhausted.

9751890.1

remedies by filing a FOIA request with the IRS seeking the information redacted from its IRM on the public website, this Court lacks subject matter jurisdiction over the Third Claim for Relief.  Plaintiff also fails to state a claim for relief which can be granted in the Third Claim because the IRS is entitled to redact portions of materials from its public website.

V.

THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE FOURTH CLAIM FOR RELIEF BECAUSE THE FOIA DOES NOT REQUIRE AGENCIES TO POST OBSOLETE MATERIALS AND DOES NOT OFFER A REMEDY AT LAW FOR ITS FAILING TO DO SO.  THE FOURTH CLAIM FOR RELIEF SHOULD ALSO BE DISMISSED BECAUSE PLAINTIFF AGAIN FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES UNDER THE FOIA

Plaintiff argues that the IRS, as a federal agency, must make obsolete versions of its manuals and indices available to the public.  Plaintiff appears to mistakenly rely on language in the Electronic Freedom of Information Act of Amendment of 1996 ("the E-FOIA"), an amendment to the FOIA.  *See Public Law 104-231-Oct. 2., 1996*.  The FOIA, however, does not require agencies to post obsolete versions of manuals, and it does not offer any remedy at law for an agencies' failure to post such material.  Therefore, the Fourth Claim for Relief should be dismissed because plaintiff has failed to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).  Further, the Fourth Claim should also be dismissed for lack of subject matter jurisdiction because Plaintiff again failed to exhaust her administrative remedies under the FOIA.  *See supra*, Part III, pp. 11-14.

**A.    The Fourth Claim for Relief should be dismissed pursuant to Rule 12(b)(6) because the FOIA does not require agencies to post obsolete section 552(a)(2)(C) material, and the FOIA does not offer a**

15

**remedy at law for failing to do so.**

In her Fourth Claim for Relief, Plaintiff fails to state a claim for relief that can be granted because there is simply no requirement under either FOIA or E-FOIA that the IRS make prior and obsolete versions of its IRM available on its public website.[10] Consistently, there is no remedy at law for agencies' failure to post obsolete material.

The plain language of the E-FOIA does not mention obsolete versions of records or indices.  Rather, the law simply provides for the following insertion at 5 U.S.C. § 552(a)(2)(E) concerning documents that agencies shall make available for public inspection and copying: "For records created on or after November 1, 1996, within one year after such date, each agency shall make such records available, including by computer telecommunications, or if computer telecommunications means have not been established by the agency, by other electronic means."  Pub. L. 104-231 § 4(7). The Act also provides for the following insertion 5 U.S.C. § 552(a)(2)(E) concerning indexes: "Each agency shall make the index referred to in subparagraph (E) available by computer telecommunications by December 31, 1999."

Based on the plain reading of the E-FOIA and its legislative history, it is fair to infer that Congress amended the FOIA in 1996 to account for the growth of the internet and electronic records, not to require agencies to provide access to obsolete information.  Further, reviewing the legislative history shows that the central purpose of

---

[10]Prior versions of the IRM are, however, available at www.westlaw.com.  *See* Jaworski Decl, ¶ 4, Ex. C.  Plaintiff, although proceeding *pro se* here, represents she has a "Juris Doctor" and graduated with highest honors."  *See* http://www.yourwildlife.com/AboutRES.html

the Act's 1996 amendments was to provide for prospective public access to information that, at the time, agencies maintained in paper format. *See generally* H.R. REP 104-795, H.R. Rep. No. 795, 104TH Cong., 2ND Sess. 1996, 1996 WL 532690, 1996 U.S.C.C.A.N. 3448 (Leg Hist.); S. REP. 104-272, S. Rep. No. 272, 104TH CONG., 2ND Sess., 1996 WL 262861 (Leg. Hist.).  Neither the House Report nor the Senate Report discussed amending the FOIA to require agencies to place obsolete versions of their manuals and indices on agency web sites.

### B.    Compelling agencies to post obsolete materials does not promote any policies supporting proactive disclosures

The policies behind 552(a)(2) postings include whether the agency statements promote public understanding of government operations or activities, whether knowledge of the agency statements are needed to keep affected parties informed of the agency's requirements, and whether non-disclosure of the policy statements could result in the development of secret law.

### 1.    Requiring the IRS to post obsolete versions of the IRM does not promote public understanding of government operations or activities

"The core purpose of the FOIA is, of course, to contribute to the public understanding *of the operations or activities of the government.*"  *See Forest Guardians v. FEMA,* 410 F.3d 1214, 1218 (10th Cir. 2005) quoting *United States Dep't of Defense v. FLRA,* 510 U.S. 487, 495 (1994). *(*Emphasis in original*).*  The "relevant inquiry is whether the requested information directly relates to and would facilitate the primary purpose of the FOIA, which is to let citizens 'know what their government is up to.'"  *Forest Guardians*, 410 F.3d at 1218 quoting *United States Dep't of Justice v. Reporters*

9751890.1

*Comm.*, 489 U.S. 749, 773 (1989).   Requiring the IRS to post prior and obsolete versions of its IRM on its website would not help the public understand the current operations or activities of the government because prior versions of the IRM are, by there very nature, obsolete.[11]

### 2.      Information contained in prior IRM's does not affect the legal rights of Plaintiff or any other persons

Agencies are only required to publish statements affecting the legal rights of plaintiffs or any other persons. *See Hark v. Dragon*, 477 F. Supp. 308, 315 (D. Vt. 1979), judgment *aff'd*, 611 F.2d 11 (2d Cir. 1979) and (rejected on other grounds by, *Consortium of Community Based Organizations v. Donovan*, 530 F. Supp. 520 (E.D. Cal. 1982)). "  A current version of the IRM may keep citizens informed of IRS current requirements that may affect their legal rights, while an obsolete, prior verison would not.[12] Thus, there is no reason for the IRS to place prior IRM's on its website.

### 3.      Nondisclosure of prior IRM's could not result in the development of "secret law"

"Policy statements and interpretations must be disclosed, since they may be

---

[11]The FOIA only concerns current and relevant Government publications and not prior and obsolete Government publications.  *See Fed. Open Mkt. Comm. v. Merrill*, 443 U.S. 340, 365 (Stevens, J., dissenting) ("The FOIA, 5 U.S.C. § 552(a)(1), provides that every 'agency shall separately and currently publish in the Federal Register for the guidance of the public . . . statements of general policy . . . formulated and adopted by the agency . . . It is plain therefore that the statute imposes a mandatory requirement of 'current' publication . . . In my opinion that requirement is not satisfied by withholding publication 'temporarily' - *i.e.*, until the policy directives become obsolete.  The same principle of construction should apply to monthly policy statements as to annual policy statements.  <u>They should be made available while they are effective.</u>"  (Emphasis added.)

[12]Further, the IRM does not have the force of law and confers no rights upon a taxpayer.  *See United States v. Lockyer*, 448 F.2d 417, 421 (10th Cir. 1971).

utilized as touchstones for further administrative action, and nondisclosure could result in the development of secret law. " *See Ash Grove Cement Co. v. F.T.C.*, 519 F.2d 934, 935 (D.C. Cir. 1975). There is no compelling reason to require agencies to disclose prior and obsolete versions of the IRM because (1) even current versions of the IRM are not law, *see* fn. 12, and (2) prior versions of the IRM are obsolete and have no bearing on current administrative action. For these reasons, there are no circumstances where the IRS's failure to disclose prior and obsolete manuals could result in the development of secret law within the agency.

The language of the FOIA, and its E-FOIA amendment, and the transparency policy underlying the 552(a)(2) requirement that agencies proactively disclose certain materials demonstrate that Plaintiff has no cause of action available to her. Moreover, Plaintiff cites no authority supporting her argument that Congress intended all federal agencies make obsolete versions of their manuals and indices available to the public.

**C.     The Fourth Claim for Relief should be dismissed pursuant to Rule 12(b)(1) because Plaintiff again failed to exhaust her administrative remedies under the FOIA**

To the extent the Court determines a cause of action exists for the IRS's failure post obsolete section 552(a)(2)(C) materials, such as prior IRM's, Plaintiff has failed to exhaust her administrative remedies as to this issue. Therefore, this claim should be dismissed.

9751890.1

<u>CONCLUSION</u>

For the reasons expressed above, the Court should deny Plaintiff's motion for

summary judgment because she has not established that she is entitled to judgment as

a matter of law on any of the Four Claims for Relief in her Third Amended Complaint.

DATE: March 22, 2013.

Respectfully submitted,

JOHN WALSH
United States Attorney

KATHRYN KENEALLY
Assistant Attorney General
Tax Division
U.S. Department of Justice

<u>/s/ Thomas J. Jaworski</u>
THOMAS J. JAWORSKI
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Telephone: (202) 307-6390
Facsimile:   (202) 514-6866
Thomas.J.Jaworski@usdoj.gov

9751890.1

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing Defendant's RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT was filed electronically using the Court's ECF system and were served upon the Plaintiff on the 22nd day of March 2013, by ECF filing and first class mail upon:

KELLY ROE
P.O. Box 1168
Berthoud, Colorado 80513
Kellylaw@roewildlife.com

/s/ Thomas J. Jaworski
THOMAS J. JAWORSKI

9751890.1