IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02344-CMA-MJW

KELLY ROE,

Plaintiff(s),

v.

INTERNAL REVENUE SERVICE,

Defendant(s).

---

## RECOMMENDATION ON
### (1) PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Docket No. 38) and
### (2) DEFENDANT'S OMNIBUS CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT AND MOTION TO DISMISS (Docket No. 50)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**


This case is before the undersigned pursuant to an Order Referring Case issued

by Judge Christine M. Arguello on September 18, 2012 (Docket No. 5).

The operative pleading is the pro se plaintiff's Third Amended Complaint for

Injunctive Relief.  (Docket No. 36).  This is an action brought under the Freedom of

Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a.

Plaintiff challenges the alleged failure of defendant Internal Revenue Service ("IRS") to:

> a.  Fulfill the requests of plaintiff for Return Transcripts, Account
> Transcripts, and Records of Account maintained by defendant on plaintiff;
>
> b.  Fulfill the requests of plaintiff for documents and transcripts maintained
> by defendant on plaintiff, her husband (for which plaintiff has a power of
> attorney), and her limited liability company, Roe Ecological Services, LLC
> ("ROE") (formerly named Wildlife Property Management, LLC ("WPM"));

2

c.  Fulfill the request of plaintiff for a spreadsheet created and maintained
by defendant; and

d.  Provide a complete and unredacted version of the current Internal
Revenue Manual ("IRM"), as well as all prior complete and unredacted
versions created on or after November 1, 1996 and all prior versions of its
numerical indices created on or after December 31, 1999, in its publically
accessible electronic reading room.

(Docket No. 36 at 2).  Plaintiff raises the above challenges in four claims and seeks the

following relief:

(1) Order defendant to produce the requested Return Transcript, Account
Transcript, and Record of Account for the years 1998 through 2010 for plaintiff
pursuant to 5 U.S.C. §§ 552(a)(4)(B) and/or 552a(g)(1)(B);

(2) Order defendant to produce the outstanding items listed above
at paragraph 42 pursuant to 5 U.S.C. §§ 552(a)(4)(B) and/or
552a(g)(1)(B); or in the alternative, if defendant asserts that the records do
not exist, order defendant to provide a sworn written declaration
describing the types of files maintained by the IRS and how the search
was conducted, followed by an averment that all files reasonably expected
to contain the requested records were, in fact, searched and no
documents responsive to plaintiff's request were found;

(3) Order defendant to correct whatever record(s) is(are) causing
the erroneous rejection of plaintiff's Form 4506-T requests to ensure that
the name, social security and/or address of plaintiff on that(those)
record(s) conform(s) to the IMF (i.e., the "authoritative date source for
individual tax account data") pursuant to 5 U.S.C. § 552a(g)(2);

(4) Order defendant to make the entire IRM, without any redaction,
accessible to the public, including plaintiff, in its electronic reading room;

(5) Order defendant to make all prior unredacted versions of the
IRM–that were created on or after November 1, 1996–accessible to the
public, including plaintiff, in its electronic reading room; and

(6) Order defendant to make all prior versions of the numerical
indices of the IRM–that were created on or after December 31, 1999-
available electronically to the public, including plaintiff, in its electronic
reading room;

(7) Make a specific finding of fact that the circumstances

surrounding any of the afore withholding of items from plaintiff and/or the public-at-large "raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding" and refer the matter to the Special Counsel for investigation as provided in 5 U.S.C. § 552(a)(4)(F);

(8) Award plaintiff costs in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(9) Grant such other relief as may deem just and proper.

(Docket No. 36 at 20-21) (footnote omitted).

Now before the court for a report and recommendation are the following two motions: (1) Plaintiff's Motion for Summary Judgment (Docket No. 38) and (2) Defendant's Omnibus Cross-Motion for Partial Summary Judgment and Motion to Dismiss (Docket No. 50). The court has very carefully considered these motions (Docket Nos. 38 and 50), the responses (Docket Nos. 44 and 54), the replies (Docket Nos. 46 and 56), and the separately-submitted briefs and declarations (Docket Nos. 39, 45, and 47). In addition, the court has considered applicable Federal Rules of Civil Procedure and case law and has taken judicial notice of the court file. The court now being fully informed, makes the following findings, conclusions of law, and recommendations.

Plaintiff moves for summary judgment on all claims pursuant to Fed. R. Civ. P. 56(a). Defendant cross moves for summary judgment pursuant to Rule 56 on the first and second claims for relief and moves to dismiss claims three and four pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction and/or pursuant to Rule 12(b)(6) for failing to state a claim upon which relief can be granted.

Rule 12(b)(1):

empowers a court to dismiss a Complaint for "lack of jurisdiction over the

4

subject matter." Fed. R. Civ. P. 12(b)(1).  As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear.  *See* U.S. CONST. art. III, § 2; *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994).  Statutes conferring jurisdiction on federal courts are to be strictly construed.  *See F & S Constr. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964).  A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction."  *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction.  *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Motions to dismiss pursuant to Rule 12(b)(1) may take two forms. First, if a party attacks the facial sufficiency of the complaint, the court must accept the allegations of the complaint as true.  *See Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995).  Second, if a party attacks the factual assertions regarding subject matter jurisdiction through affidavits and other documents, the court may make its own findings of fact.  *See id.* at 1003.  A court's consideration of evidence outside the pleadings will not convert the motion to dismiss to a motion for summary judgment under Rule 56.  *See id.*

Cherry Creek Card & Party Shop, Inc. v. Hallmark Marketing Corp., 176 F. Supp. 2d

1091, 1094-95 (D. Colo. 2001).

A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to

state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "A complaint

must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead 'enough facts

to state a claim to relief that is plausible on its face.'"  Cutter v. RailAmerica, Inc., 2008

WL 163016, at *2 (D. Colo. Jan. 15, 2008) (quoting Bell Atlantic Corp. v. Twombly, 550

U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).  "While a complaint attacked by a Rule

12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's

obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not

do . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).  "Factual allegations must be

enough to raise a right to relief above the speculative level."  <u>Id.</u>  "[A] plaintiff must

'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a

motion to dismiss. . . .  Thus, the mere metaphysical possibility that *some* plaintiff could

prove *some* set of facts in support of the pleaded claims is insufficient; the complaint

must give the court reason to believe that *this* plaintiff has a reasonable likelihood of

mustering factual support for *these* claims."  <u>Ridge at Red Hawk, L.L.C. v. Schneider</u>,

493 F.3d 1174, 1177 (10th Cir. 2007) (quoting <u>Twombly</u>, 127 S. Ct. at 1974).

 "[P]lausibility refers 'to the scope of the allegations in a complaint: if they are so

general that they encompass a wide swath of conduct, much of it innocent, then the

plaintiff[] 'ha[s] not nudged [his] claim[] across the line from conceivable to plausible.'"

<u>Khalik v. United Air Lines</u>, 671 F.3d 1188, 1191 (10th Cir. 2012).  Furthermore, "[t]he

nature and specificity of the allegations required to state a plausible claim will vary

based on context."  <u>Id.</u>  "[T]he *Twombly/Iqbal* standard is 'a wide middle ground

between heightened fact pleading, which is expressly rejected, and allowing complaints

that are no more than labels and conclusions or a formulaic recitation of the elements of

a cause of action, which the Court stated will not do.'"  <u>Id.</u>

 For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must

accept all well-pled factual allegations in the complaint as true and resolve all

reasonable inferences in the plaintiff's favor.  <u>Morse v. Regents of the Univ. of Colo.</u>,

154 F.3d 1124, 1126-27 (10th Cir. 1998); <u>Seamons v. Snow</u>, 84 F.3d 1226, 1231-32

(10th Cir. 1996).  However, "when legal conclusions are involved in the complaint 'the

tenet that a court must accept as true all of the allegations contained in a complaint is

inapplicable to [those] conclusions' . . . ." Khalik, 671 F.3d at 1190 (quoting Ashcroft v.
Iqbal, 129 S. Ct. 1937, 1949 (2009)).  "Accordingly, in examining a complaint under
Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether
the remaining, factual allegations plausibly suggest the defendant is liable."  Id. at 1191.

Plaintiff is proceeding without counsel.  While defendant notes that plaintiff claims
to be a "Juris Doctor; graduated with highest honors" (Docket No. 44, at 16 n.10, citing
http://www.ourwildlife.com/AboutRES.html), out of an abundance of caution, the court
has construed plaintiff's pleading liberally and has held it to a less stringent standard
than formal pleadings drafted by lawyers.  See Hall v. Bellmon, 935 F.2d 1106, 1110
(10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).

Rule 56(a) provides that summary judgment shall be granted "if the movant
shows that there is no genuine dispute as to any material fact and the movant is entitled
to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A party seeking summary
judgment bears the initial responsibility of informing the district court of the basis for its
motion, and identifying those portions of the pleadings, depositions, interrogatories, and
admissions on file together with affidavits, if any, which it believes demonstrate the
absence of genuine issues for trial."  Robertson v. Board of County Comm'rs of the
County of Morgan, 78 F. Supp.2d 1142, 1146 (D. Colo. 1999) (citing Celotex Corp. v.
Catrett, 477 U.S. 317, 323 (1986); Mares v. ConAgra Poultry Co., 971 F.2d 492, 494
(10th Cir. 1992)).  "Once a properly supported summary judgment motion is made, the
opposing party may not rest on the allegations contained in the complaint, but must
respond with specific facts showing the existence of a genuine factual issue to be tried. .
. .  These facts may be shown 'by any of the kinds of evidentiary materials listed in Rule

56(c), except the mere pleadings by themselves.'"  <u>Southway v. Central Bank of Nigeria</u>, 149 F. Supp.2d 1268, 1273 (D. Colo. 2001), <u>aff'd</u>, 328 F.3d 1267 (10th Cir. 2003).

"Summary judgment is also appropriate when the court concludes that no reasonable juror could find for the non-moving party based on the evidence presented in the motion and response."  <u>Southway</u>, 149 F. Supp.2d at 1273.  "The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. . . .  Unsupported allegations without 'any significant probative evidence tending to support the complaint' are insufficient . . . as are conclusory assertions that factual disputes exist."  <u>Id.</u>; <u>Robertson</u>, 78 F. Supp.2d at 1146 (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250 (1986); quoting <u>White v. York Int'l Corp.</u>, 45 F.3d 357, 360 (10th Cir. 1995)). "Evidence presented must be based on more than 'mere speculation, conjecture, or surmise' to defeat a motion for summary judgment."  <u>Southway</u>, 149 F. Supp.2d at 1274.  "Summary judgment should not enter if, viewing the evidence in a light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for that party."  <u>Id.</u> at 1273.

"FOIA was enacted to enable the public to examine government records."  <u>Trentadue v. FBI</u>, 572 F.3d 794, 796 (10th Cir. 2009).  "The FOIA requires government agencies to make promptly available to any person, upon request, whatever records the agency possesses unless those records fall within any of the nine listed exemptions."  <u>Hull v. IRS</u>, 2010 WL 3034463, at *2 (D. Colo. Aug. 3, 2010) (quotations omitted), <u>aff'd</u>, 656 F.3d 1174 (10th Cir. 2011). "District courts have 'jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records

8

improperly withheld from the complainant.'" <u>Trentadue</u>, 572 F.2d at 797 (quoting 5

U.S.C. § 552(a)(4)(B)). The agency's search need only be "reasonable" in scope and

intensity. <u>Id.</u> Therefore, "the focal point of the judicial inquiry is the agency's search

process, not the outcome of its search." <u>Id.</u> "'The issue is *not* whether any further

documents might conceivably exist but rather whether the government's search for

responsive documents was adequate[,] . . . [which is determined under] a standard of

reasonableness, and is dependent upon the circumstances of the case.'" <u>Id.</u> (quoting

<u>Weisberg v. Dep't of Justice</u>, 705 F.2d 1344, 1351 (D.C.Cir. 1983)). "The

reasonableness of an agency's search turns on 'the likelihood that it will yield the

sought-after information, the existence of readily available alternatives, and the burden

of employing those alternatives.'" <u>Id.</u> at 798.

"It is the FOIA defendant's burden to show that its search for responsive

documents was reasonable." <u>Daly v. Federal Bureau of Prisons</u>, 2011 WL 588046, at

*4 (D. Colo. Jan. 7 2011) (citing <u>Stewart v. U.S. Dept. of Interior</u>, 554 F.3d 1236, 1239

(10th Cir. 2009)), report and recommendation accepted, 2011 WL 587173 (D. Colo. Feb.

7, 2011). "[D]eclarations and affidavits are the widely accepted, even the preferable,

means for an agency to respond to concerns about the adequacy of a FOIA search."

<u>Trentadue</u>, 572 F.2d at 807. "'In discharging this burden [to show the adequacy of its

search], the agency may rely on affidavits or declarations that provide reasonable detail

of the scope of the search. In the absence of countervailing evidence or apparent

inconsistency of proof, such affidavits will suffice to demonstrate compliance with the

obligations imposed by the FOIA.'" <u>Id.</u> (quoting <u>Rugiero v. U.S. Dep't of Justice</u>, 257

F.3d 534, 547 (6th Cir. 2001)). "Agency affidavits are accorded a presumption of good

9

faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991).

Here, this court finds that defendant has shown, through the declarations of Senior Counsel James G. Hartford (Docket No. 50-1) and IRS Disclosure Specialist Diann Herring (Docket Nos. 50-2 and 56-2), that it conducted a reasonable search, both in scope and intensity, that was reasonably calculated to produce all responsive records.  The declarations detail the systems, files, and branches/centers/units searched and the methods used - both manual and electronic.  Furthermore, plaintiff has not submitted any countervailing evidence or apparent inconsistency of proof.

In addition, in her response (Docket No. 54) to defendant's motion, the plaintiff concedes almost all of her requests concerning specific documents, namely, her claims regarding her requests for return transcripts and records of account for the years 1998 through 2008; certified Forms 4340 for the years 2002 through 2010 for plaintiff, Christopher Roe, WPM, and ROE;[1] Forms 2859 and 8278 for plaintiff, Christopher Roe, ROE, and WPM, for the years 2000 through 2010; AMDISA and IMFLOR transcripts; and the documents associated with certain DLNs. Therefore, plaintiff's claims concerning these documents are moot.  See Anderson v. U.S. Dep't of Health & Human Services, 3 F.3d 1383, 1384 (10th Cir. 1993) ("Once the government produces all the

---

[1]Plaintiff complained in her response (Docket No. 54 at 11) that she did not receive the original certified Forms 4340 for Christopher Roe, WPM, and ROE. Defendant responds in its reply (Docket No. 56 at 2) that plaintiff has cited no authority requiring agencies to produce original documents in response to a FOIA request, but in any event, defendant has since supplied both originals and copies to plaintiff. Therefore, plaintiff has received all Forms 4340 she requested.

documents a plaintiff requests, her claim for relief under the FOIA becomes moot.").
See also Perry v. Block, 684 F.2d 121, 125 (D.C.Cir.1982) ("however fitful or delayed
the release of information under the FOIA may be, once all requested records are
surrendered, federal courts have no further statutory function to perform); Hornbostel v.
U.S. Dep't of Interior, 305 F. Supp.2d 21, 28 (D.D.C. 2003) ("The only question for
summary judgment is whether the agency finally conducted a reasonable search, and
whether its withholdings are justified.  When exactly a reasonable search was
conducted is irrelevant.").

Plaintiff claims in her response (Docket No. 54 at 12) that defendant did not
provide any sworn declarations regarding her request for Forms 5344 for WPM and
ROE for the years 2000 and 2001, and thus those items remain at issue in this case.
This claim, however, is now moot.  With its reply, defendant provided a second
declaration of Diann Herring to clarify its search method as to Form 5344.  (Docket No.
56-2).  Ms. Herring states in that declaration that she searched for such forms, and no
records were located.  (Docket No. 56-2).

Plaintiff further asserts in her response (Docket No. 54 at 8-9) that because the
account transcripts provided purportedly for the years 1998 and 2010 contain no data,
they may not be her account.  She contends that the defendant did not meet its burden
of proof with regard to such requests because it did not provide any declarations or
affidavits from individuals responsible for processing her requests.  This court finds,
however, that this claim is moot.  As found above, through the declarations of Hartford
and Herring, defendant has provided reasonable detail of the scope and intensity of its
reasonable search for documents responsive to all of plaintiff's requests, and plaintiff

11

has not provided any countervailing evidence or apparent inconsistency of proof.

Furthermore, as stated above, "the issue in a FOIA lawsuit challenging an agency's

search for records is not whether there exist further documents responsive to a FOIA

request but whether the agency conducted a reasonable search for responsive

documents." Trentadue, 572 F.3d at 807.  Therefore, defendant has demonstrated

compliance with the obligations imposed by the FOIA.

Plaintiff does not concede her claim regarding her request for the

"pushcodes.xls" file referenced by the 2012 IRS Processing Codes and Information

Manual ("Document 6209"), which she asserts is located at

http://www.irs.gov/uac/Document-6209-%E2%80%93-2012-Edition.  (See Third Am.

Compl., Docket No. 36 at 13).  As shown by the defendant, however, plaintiff has the

"pushcodes.xls" file she has requested.  More specifically, plaintiff was informed that the

website link for "pushcodes.xls" file was no longer valid, and the chart of "push codes"

provided as a pdf that is available to the public at www.irs.gov/file_source/pub/irs-

utl/6209-section12-2012.pdf is identical to the file she was requesting.  Defendant

details how such information was obtained.  (See Docket No. 50-1 at 10-11, ¶¶ 30-32).

Plaintiff's claim concerning this file is thus moot.

Plaintiff also continues to maintain her third claim for relief.  She asserts that

despite being required to make the IRM publicly accessible pursuant to section

552(a)(2), defendant has redacted portions of that manual from public view merely

claiming it is "Official Use Only" without identifying whether such redaction falls within

any FOIA exemption.  Plaintiff contends that is a clear FOIA violation, and that the FOIA

imposes no limit on this court's equitable powers.  This court finds that the plaintiff has

12

failed to state a claim upon which relief can be granted with respect to Claim Three.

While the FOIA requires agencies to make certain documents, such as administrative

staff manuals - including the IRM, available publically without specific requests, the

exemptions still apply to such documents.   In this case, as correctly asserted by the

defendant, plaintiff has not exhausted her administrative remedies concerning this claim

by submitting a FOIA request to the IRS for the redacted portions of the IRM before

seeking judicial review in this action.

Based on plaintiff's failure to exhaust, defendant asserts that this court lacks

subject matter jurisdiction to hear this claim.  The Tenth Circuit has concluded, however,

that "exhaustion under FOIA is a prudential consideration rather than a jurisdictional

prerequisite."  Hull v. IRS, 656 F.3d 1174, 1181 (10th Cir. 2011).[2]  Nevertheless, that

"conclusion does not alter the fact that exhaustion remains a hurdle that FOIA plaintiffs

must generally clear in order to obtain relief through the courts.  It is just not a

jurisdictional hurdle.  Therefore, as a prudential doctrine Plaintff['s] alleged failure to

exhaust precludes judicial review if the purposes of exhaustion and the particular

administrative scheme support such a bar."  Id. at 1183 (quotations omitted).  The

purposes of exhaustion, "namely, preventing premature interference with agency

processes, . . . afford[ing] the parties and the courts the benefit of [the agency's]

experience and experties, . . . [or] compil[ing] a record which is adequate for judicial

review," id., support barring judicial review on this claim that apparently concerns a

_____

[2]Defendant does note in a footnote in its response to plaintiff's motion (Docket No. 44 at 14, n.9) that some courts have held that exhausting administrative remedies is a prudential consideration, not a jurisdictional prerequisite, citing Hull v. IRS, *supra*, which is a Tenth Circuit ruling.

large amount of materials redacted as "Official Use Only."[3]

In addition, plaintiff continues to maintain her fourth claim for relief, asserting that defendant is required to make allegedly "obsolete" versions of its manuals and indices available to the public.  She contends that defendant performs various administrative activities that span multiple years, necessitating public access to past versions of the IRM and its numerical indexes, and the FOIA imposes no limit on this court's equitable powers.  This court, however, agrees with the defendant that there is no requirement under either the FOIA or the E-FOIA that the agency make prior and obsolete versions of it manual (and indexes) available on its public website.  Plaintiff's remedy would be to submit a FOIC request for prior versions, which plaintiff has not done.  She had thus also not exhausted her administrative remedies with respect to Claim Four.

Plaintiff continues maintain that the court should refer the matter to the Special Counsel for investigation as provided in section 552(a)(4)(F).  "Subsection 552(a)(4)(F) of the FOIA creates an internal agency disciplinary system, triggered by the issuance of a 'written finding' by courts, for agency personnel who act 'arbitrarily or capriciously' in responding to a FOIA request."  Landmark Legal Foundation v. E.P.A., – F. Supp.2d –,

---

[3]Plaintiff cites Hawkes v. IRS, 467 F.2d 787 (6th Cir. 1972), in support of this claim for relief.  As correctly noted by the defendant (Docket No. 44 at 12-13), the plaintiff in that case did request production of redacted portions of the IRM from the IRM, as well as through criminal discovery procedures.  The IRS declined to release certain redacted portions, and the plaintiff unsuccessfully appealed the denial to the IRS Commissioner.  Plaintiff then commenced his action in the district court, seeking an order requiring disclosure of the materials requested in his letter.  The Sixth Circuit remanded the case to the district court to consider if the withheld portions should remain withheld or be released.  Here, however, plaintiff has not sought production of the redacted portions of the IRM from the IRS and instead raised her claim for the first time here.

14

2013 WL 4083285, at *8, n.8 (D.D.C. Aug. 14, 2013).  The subsection provides in

pertinent part:

> Whenever the court orders the production of any agency records
> improperly withheld from the complainant and assesses against the United
> States reasonable attorney fees and other litigation costs, and the court
> additionally issues a written finding that the circumstances surrounding the
> withholding raise questions whether agency personnel acted arbitrarily or
> capriciously with respect to the withholding, the Special Counsel shall
> promptly initiate a proceeding to determine whether disciplinary action is
> warranted against the officer or employee who was primarily responsible
> for the withholding. . . .

5 U.S.C. § 552(a)(4)(F)(I).  Here, the court has not ordered the production of any

agency action improperly withheld from the plaintiff, nor has the court assessed against

the government attorney fees.  Moreover, plaintiff has made no showing that even

suggests that the circumstances surrounding the prior withholding raise any question

about arbitrary or capricious actions by agency personnel.  Instead, the declarations

submitted by the defendant show that a reasonable search was conducted for

responsive documents using methods that could be reasonably expected to produce the

information requested to the extent it exists.  Therefore, plaintiff's request for a written

finding from the court should be denied.

Finally, the court agrees with the defendant that plaintiff's request in the

Wherefore Clause that the court order the defendant to amend its records concerning

plaintiff (Docket No. 36 at 20) should be dismissed.  Such relief is not supported by

allegations in the pleading showing that plaintiff is entitled to the relief sought.

Furthermore such relief is barred by 26 U.S.C. § 7852(e) ("The provisions of

subsections (d)(2), (3), and (4), and (g) of section 552a of title 5, United States Code,

shall not be applied, directly or indirectly, to the determination of the existence or

possible existence of liability (or the amount thereof) of any person for any tax, penalty, interest, fine, forfeiture, or other imposition or offense to which the provisions of this title apply."). Gardner v. United States, 213 F.3d 735, 741 n.5   See 31 C.F.R. § 1.27(f)(4) ("Records not subject to correction under the Privacy Act" include "[r]ecords pertaining to the determination, the collection and the payment of the federal taxes . . . .").

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the Plaintiff's Motion for Summary Judgment (Docket No. 38) be **DENIED**.  It is further

**RECOMMENDED** that the Defendant's Omnibus Cross-Motion for Partial Summary Judgment and Motion to Dismiss be **GRANTED**.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

16

Date:  December 16, 2013                    s/ Michael J. Watanabe
      Denver, Colorado                      Michael J. Watanabe
                                              United States Magistrate Judge