**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 12-cv-02344-CMA-MJW

KELLY ROE,

      Plaintiff,

v.

COMMISSIONER OF INTERNAL REVENUE SERVICE,

      Defendant.

---

**ORDER ADOPTING AND AFFIRMING DECEMBER 16, 2013
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

      This case was referred to United States Magistrate Judge Michael J. Watanabe pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  (Doc. # 5.)  On December 16, 2013, Judge Watanabe issued a Recommendation to grant Defendant's Omnibus Cross-Motion for Partial Summary Judgment and Motion to Dismiss and to Deny Plaintiff's Motion for Summary Judgment.  (Doc. # 64.)

      In his Report and Recommendation, the Magistrate Judge reviewed allegations contained in Plaintiff's Third Amended Complaint (Doc. # 36).  In this version of the complaint, Plaintiff advanced four claims all related to alleged IRS violations of the

Freedom of Information Act (FOIA) and other laws designed to provide for the public disclosure of government records.[1]

The Magistrate Judge denied relief as to all four claims.  In particular, the Magistrate Judge determined that Plaintiff's first two claims—in which Plaintiff alleged the government failed to turn over a number of documents, in violation of FOIA and related laws—did not survive the government's motion for summary judgment.  As to these claims, the Magistrate Judge found that Plaintiff had conceded she had already obtained copies of many of these documents; that the documents requested were publicly available on the internet; or that the government had provided detailed affidavits that explained the methodology, intensity, and scope of a search for documents that could not be found.  The Magistrate Judge therefore determined that these actions undermined Plaintiff's arguments that the government had violated FOIA by failing to turn over public documents.  (*Id.* at 9-12.)

As to Plaintiff's third claim, related to a FOIA request for other records, the Magistrate Judge determined that Plaintiff had failed to exhaust administrative remedies, thus precluding relief.  (*Id.* at 12-13.)  As to the fourth claim, related to Plaintiff's request that the IRS make prior or obsolete versions of its manuals and indices immediately available on its website, the Magistrate Judge determined that no provision in FOIA imposed such a requirement, that Plaintiff could obtain these

---

[1]  As the magistrate judge noted, Plaintiff appears to be proceeding without counsel and therefore this Court construes Plaintiff's pleadings liberally in accord with *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

documents by filing a FOIA request with the IRS, but that Plaintiff's failure to take this step as related to this claim meant that the claim was unexhausted. (*Id*. at 13-14.)

Finally, although these were not specific claims listed as causes of action in the Third Amended Complaint, Plaintiff also requested that the government amend certain records concerning Plaintiff and that the FOIA matter be referred to Special Counsel for investigation of the IRS's alleged arbitrary and capricious response to the FOIA request. The Magistrate Judge did not credit either of these positions, reasoning that requiring such forced amendment was barred by 26 U.S.C. § 7852(e) and that the request for referral to a Special Counsel was obviated by the Magistrate Judge's finding that the government had not improperly withheld any document. (*Id*. at 13-15.)

When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

In the instant case, Plaintiff objects to the Magistrate Judge's Recommendation, advancing a number of arguments suggesting that his conclusions were improper. (Doc. # 65.) The Court has conducted a *de novo* review of this matter, including reviewing all relevant pleadings, the Recommendation, and Plaintiff's objections thereto. Based on this *de novo* review, the Court concludes that Judge Watanabe's

Recommendation is correct and is not called into question by Plaintiff's objection. The Court addresses each of Plaintiff's arguments in turn.

First, Plaintiff argues that the government performed an inadequate search for what both parties refer to as the petition for transcripts requested via Form 4506-T. The government has provided an affidavit from James Hartford, Senior Counsel in the Office of the Associate Chief Counsel of the IRS, detailing the search he directed for these records. (Doc. # 69-1, at 13-15.)[2] Mr. Hartford's affidavit details the efforts he made to comply with Plaintiff's request: he contacted numerous IRS staff to ask them if they knew about where to obtain Plaintiff's records; he had staff familiar with Plaintiff's case prepare documents to turn over to Plaintiff; he determined that some of the requested records no longer existed because they had been destroyed in conformity with the IRS's document retention policy; he himself searched databases relating to Plaintiff; and he had staff redouble efforts in their search in order to obtain further documents. (Doc. # 69-1, at 13-15.)

Plaintiff finds fault with Mr. Hartford's affidavit, alleging that it provides insufficient detail about how those other staff members performed their searches and that the record of search efforts is insufficient because the other staff did not submit their own affidavits. This Court disagrees and finds that Mr. Hartford's affidavit confirms he conducted a reasonable search that complies with the demands of FOIA. *See*

---

[2] In a previous version of this affidavit, Mr. Hartford did not swear to the truth of his attestations under penalty of perjury. (Doc. # 50-1) In her objections to the Magistrate's recommendation, Plaintiff argued that this alleged deficiency made the affidavit unreliable. In response to Plaintiff's objections, the government has submitted a sworn affidavit with these attestations. (Doc. # 69-1) This Court finds no defect in the government's affidavit as presented in the response to Plaintiff's objections.

*Trentadue v. FBI*, 572 F.3d 794, 807 (10th Cir. 2009) ("[T]he issue in a FOIA lawsuit challenging an agency's search for records is not whether there exist further documents responsive to a FOIA request but whether the agency conducted a reasonable search for responsive documents.").

In sum, Mr. Hartford's affidavit documents how he directed numerous other employees located at various IRS offices across the United States to use specific strategies designed to obtain the correct records for Plaintiff.  That each of the employees involved in the search did not document the step-by-step process they went through in their individual searches does not undermine the fact that their combined efforts produced a reasonable search for purposes of FOIA.[3]

Further, this Court will not impose on an agency subject to FOIA a *per se* requirement that it produce *separate* affidavits from different officials working in different offices, upon a request as far reaching as Plaintiff's.  Rather, an affidavit from one individual who oversaw the search can be sufficient, as long as the methodology employed in directing the search was reasonable and the efforts at conducting the search detailed in an affidavit with sufficient specificity.  Mr. Hartford's meets that standard, in light of his extensive discussion of how he directed the search. *Cf. Trentadue v. FBI*, 572 F.3d 794, 808 (10th Cir. 2009) ("Agency affidavits are accorded a presumption of good faith, which cannot be rebutted by purely speculative

---

[3]  The government also posits in its response that some of the alleged records Plaintiff requests did not exist because she had failed to file tax returns for certain years.  (Doc. # 69 at 4-5.)  In her reply, Plaintiff points to what she perceives as discrepancies that undermine this hypothesis. (Doc. # 70 at 7-8.)  This involved discussion, however, is largely beside the point, as the relevant question here is whether the search was *reasonable*, not whether the records could possibly exist or whether a hypothesis explaining their non-existence is valid.

claims about the existence and discoverability of other documents." (quoting *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C.Cir.1991)).[4]

Second, Plaintiff attacks a finding by the Magistrate Judge about a file that was at one time labeled "pushcodes.xls." As to this claim, Mr. Hartford stated in his affidavit that the "pushcodes.xls" file is now accessible in ".pdf" format at a website[5] in a record the parties refer to as Document 6209. The Magistrate Judge credited Mr. Hartford's statement in the affidavit and therefore found Plaintiff's request for pushcodes.xls was moot. (Doc. # 64 at 11-12.)

Plaintiff suggests this finding was erroneous because: (1) Mr. Hartford relied on a third party to convey to him the fact that the pushcodes.xls information was available through a different website and that third party did not file an affidavit attached to the summary judgment motion; (2) page 12-15 of Document 6209 refers to a now-defunct link that alleges to supply "more information" than is available in that record; and

---

[4] Plaintiff also relies on *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990), where the D.C. Circuit held that a State Department search for records was insufficient in part because an affidavit explaining the search did not list the terms the State Department used in reviewing indices contained in what the State Department referred to as its "Central Records." Plaintiff alleges that because the IRS did not publish search terms in an affidavit in this case, its search is similarly insufficient. But Plaintiff's reliance on *Oglesby* is misplaced for a number of reasons. First, the D.C. Circuit's position is not binding on this Court and in fact has been rejected by other courts. *See, e.g., Miccosukee Tribe of Indians of Florida v. United States*, 516 F.3d 1235, 1247 (11th Cir. 2008) ("This Circuit has not imposed the specific requirements set forth in the D.C. Circuit [in *Oglesby*]."). Further, this Court cannot share Plaintiff's apparent interpretation of *Oglesby* as imposing a requirement that an agency always disclose search terms in an affidavit detailing an agency's search methodology. Disclosing search terms may be useful or even necessary under certain circumstances, such as in *Oglseby*, where terms were input into an agency's "Central Records" indices and the search concerned years of alleged American diplomatic contacts with a historical figure. At the same time, such a requirement may be less appropriate in cases such as this one, where it is not readily apparent that search terms are used in a search of records related to an individual's files with the IRS.

[5] The website is http://www.irs.gov/pub/irs-utl/6209-section12-2012.pdf.

(3) "[e]ven [if] the pushcodes.xls contains the same information as the chart . . . , this is not an exemption to FOIA" and the agency must provide the original .xls file in addition to what is published on the internet.  (Doc. # 70, at 3-4.)

None of these arguments are persuasive.  First, as this Court has already explained, it will not impose on the government a requirement that it submit separate affidavits from different individuals in an agency that performed different aspects of a search overseen by the person who submitted the affidavit.  Second, like the Magistrate Judge, this Court credits Mr. Hartford's attestation in the affidavit that the link referencing "more information" is now defunct and that no further information can actually be gleaned through the link.  Third, the Court finds the government's web-based publication of Document 6209 sufficient for purposes of complying with FOIA: it will not entertain Plaintiff's request that the government provide same information again in a different format.

Next, Plaintiff challenges the Magistrate Judge's finding that she did not exhaust her third claim seeking unredacted versions of a manual posted online by the IRS. Plaintiff argues that the undisclosed portions of the manual are subject to the mandatory disclosure provisions of FOIA's § 552(a)(2), are not subject to FOIA exemptions, and must be disclosed immediately.  This position misses the point: if Plaintiff wants to litigate the scope or existence of a FOIA exemption as it relates to these redacted portions of the manual, she needs to proceed through administrative channels and exhaust this claim before it is subject to judicial review.

For similar reasons, Plaintiff's objection to the dismissal of her fourth claim fails. Plaintiff alleges she can use the provisions of E-FOIA or FOIA as a mechanism to have the agency immediately post all prior or obsolete versions of a manual that is subject to allegedly mandatory disclosure.  Like the Magistrate Judge, this Court does not read the provisions and authorities cited by Plaintiff as allowing a bypass of the normal procedures for exhausting a FOIA claim.  If Plaintiff wants to pursue this claim, she must first litigate the disclosure and publication arguments with the agency and, if necessary, then seek judicial review.

Finally, Plaintiff objects to the magistrate judge's finding that 26 U.S.C. § 7852(e) precludes this Court from ordering that the IRS correct errors related to her accounts on file with the agency.  Section 7852(e) states as follows:

> The provisions of subsections (d)(2), (3), and (4), and (g) of section 552a of title 5, United States Code, shall not be applied, directly or indirectly, to the determination of the existence or possible existence of liability (or the amount thereof) of any person for any tax, penalty, interest, fine, forfeiture, or other imposition or offense to which the provisions of this title apply.

The language of the statute is very broad—it implicates all *direct* and *indirect* applications of § 552a, and it covers the *existence* or *possible existence* of tax liability. Undaunted by the broad language, Plaintiff asks this Court to read an exemption for her circumstances into § 7852(e) because otherwise she would have no remedy to rectify an alleged error from the IRS.  This request, which Plaintiff fails to support with any legal authority, is more properly directed to Congress, as this Court will not apply the exemption that Plaintiff invokes against the backdrop of such a broadly worded statute.

Accordingly, it is hereby ORDERED that

(1) The December 16, 2013 Recommendation of United States Judge Michael J.

Watanabe (Doc. # 64) is AFFIRMED and ADOPTED as an Order of this Court.

(2) Plaintiff's objections (Doc. # 65) to the Recommendation are OVERRULED.

(3) Defendant's Omnibus Cross-Motion for Partial Summary Judgment and Motion

to Dismiss (Doc. # 50) is GRANTED and judgment is entered in favor of

Defendants.

(4) Plaintiff's Motion for Summary Judgment (Doc. # 38) is DENIED.

(5) This case is DISMISSED WITH PREJUDICE.

DATED:   January 22, 2014

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge