**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 12-cv-02344-CMA-MJW

KELLY ROE,

    Plaintiff,

v.

COMMISSIONER OF INTERNAL REVENUE SERVICE,

    Defendant.

---

**ORDER DENYING MOTIONS TO ALTER JUDGMENT AND FOR COSTS**

---

This case is before the Court on Plaintiff Kelly Roe's Motion to Alter Judgment (Doc. # 73) and Motion for Costs (Doc. # 74.)   For the reasons stated below, the Court denies both motions.

### I.   BACKGROUND

The facts and background of this case are set forth in detail in *Roe v. Comm'r of I.R.S.*, No. 12-cv-02344-CMA-MJW, 2014 WL 252102 (D. Colo. Jan. 22, 2014), the order from which Plaintiff seeks relief.   In that decision, the Court adopted Magistrate Judge Michael J. Watanabe's Recommendation to grant Defendant's Omnibus Cross-Motion for Partial Summary Judgment and Motion to Dismiss and to Deny Plaintiff's Motion for Summary Judgment.

Plaintiff filed the present Motion to Alter Judgment (Doc. # 73) pursuant to Federal Rule of Civil Procedure 59(e) on February 4, 2014.   Plaintiff alleges that this Court

committed error "regarding: 1) the fact that defendant clearly specifies in its procedural manual the search terms and type of search performed when processing Form 4506-T requests; and 2) this Court's failure to recognize that plaintiff's "interpretation" of Oglesby has been followed by other courts within the Tenth Circuit and by courts within the majority of other circuits."  (*Id.* at 1.)

Plaintiff subsequently filed a Motion for Costs pursuant to 5 U.S.C. §§ 552(a)(4)(E) and 552a(g)(3)(B) on February 21, 2014, asking for an award for the cost of the litigation because she "substantially prevailed" in the previous action.  (Doc. # 74.)   The Court addresses each motion in turn.

## II.   LAW AND DISCUSSION

### A.   MOTION TO ALTER JUDGMENT

A litigant who seeks reconsideration of an adverse judgment can justify reconsideration under Rule 59(e) on three grounds: "(1) an intervening change in controlling law, (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice."   *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).   Put simply, a motion to reconsider is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law."  *Id.*   It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.   *Id.*

In her motion, Plaintiff registers two complaints about a footnote in the Court's original order.   (Doc. # 77, at 6 n.4.)   First, she claims the Court committed a clear error

2

of fact when it noted that, in light of declarations submitted by the government, it was not readily apparent that the government used specific search terms in attempting to satisfy Plaintiff's requests.   Second, she argues that this Court committed clear legal error by failing to endorse her interpretation of a twenty-five-year-old case that is not binding on this Court.

Neither of these arguments satisfies the strictures of Rule 59(e).   First, as this Court stated in its original order, the declarations themselves established that the government had performed a search adequate for purposes of FOIA, notwithstanding the fact that the government did not detail any search terms it used in fulfilling Plaintiff's request.   Second, Plaintiff's argument about non-binding case law is nothing more than an attempt to revisit issues already addressed by this Court and is therefore inappropriate under Rule 59(e).

**B.     MOTION FOR COSTS**

Next, Plaintiff seeks an award of "out-of-pocket costs of litigation because she has substantially prevailed in this litigation.   Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law."   In the context of FOIA, under both 5 U.S.C. § 552(a)(4)(E) and § 552a(g)(3)(B), the Court may award reasonable litigation costs to a complainant who has "has substantially prevailed," meaning that he or she has "obtained relief through either a judicial order, or an enforceable written agreement or

consent decree" or "a voluntary or unilateral change in position by the agency." 5 U.S.C. § 552(a)(4)(E)(ii).

Plaintiff argues that she substantially prevailed in her case against Defendant because Defendant's counsel emailed her copies of transcripts she had previously requested after she commenced this FOIA litigation. (Doc. # 74 at 3-4.) Plaintiff's claim fails because none of the documents were released pursuant to a "voluntary change in position" by the agency. Rather, as Defendant explains, the documents at issue were either accessible to Plaintiff prior to the commencement of litigation, not released by Defendant pursuant to a FOIA request, or could not be located by Defendant until after litigation began. (Doc. # 76 at 2.)

### III. CONCLUSION

Accordingly, it is hereby ORDERED that Plaintiff's Motion to Alter Judgment (Doc. # 73) is DENIED. It is

FURTHER ORDERED that Plaintiff's Motion for Costs (Doc. # 74) is DENIED.

DATED: April __16__, 2014

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge